CHITTENDEN,
*December,*
1832.

Catlin
*vs.*
Aiken.

---

## H. LOWRY vs. PHILIP WALKER.

CHITTENDEN,
*January,*
1833.

Parol evidence is admissible to show the delivery of an execution to a Sheriff, and the time of that delivery, in order to hold property attached, although the officer make no minute on it of the time of serving it as directed by Statute.

An attachment made pursuant to the Statute of Nov. 6, 1817, gives a sufficient title to the officer to enable him to maintain trover, although he do not take actual possession.

Evidence is admissible as to the quantum of damages, although it consists of facts occurring after the commencement of the action.

In trover by a Sheriff, for property attached, proof of a fraudulent purchase by the defendant, of the debtor, of the goods in question is admissible as explaining his acts in intermeddling with the property.

This was an action of trover for a quantity of hay and grain in the straw, which had been taken by the plaintiff, as Sheriff of Chittenden County, upon sundry writs of attachment against one Elihu C. Barber in favor of several different creditors.

It appeared that the hay and grain were in stacks and in barns upon the farm of said Barber, and that said attachments were made by leaving copies at the Town Clerks office, and at the debtors house ; but the property was not removed.

It was proved that judgements were recovered in all the actions, before the commencement of this trial, except in one at the suit of Emerson & Orvis in which judgement

CHITTENDEN, was rendered at the March Term, 1830, of Chittenden
*January,*
1833.        County Court.

Lowry        It was shown by the officers receipts on the back of all
*vs.*
Walker.   the executions, except that in favor of Emerson & Orvis,
that executions were issued and put into the officers hands
within thirty days after the rendition of judgement.   To
prove that the Sheriff's lien had been continued on the
attachment in favor of Emerson & Orvis, the plaintiff of-
fered to show by parol evidence, that the execution was
issued and delivered to the Sheriff within thirty days after
judgement ; to which the defendant objected ; but the
Court admitted the testimony.

The plaintiff having introduced evidence tending to
show an actual conversion of the whole property, offered
further testimony to show that before the attachment the
defendant had made a feigned and fraudulent purchase of
the property, with intent to defraud the creditors of said
Barber, that he repeatedly claimed the property as his
own after the attachment, and that when the Sheriff at-
tempted to sell the property on the executions the defen-
ant forbid him to sell, claiming the property as his own.   To
this defendant objected, but the Court admitted the testi-
mony.   The defendant requested the Court to charge the
jury, that the plaintiff could not maintain this action with-
out having taken actual possession of the property, but the
Court charged that the plaintiff's possession acquired by
virtue of the attachment was sufficient.

The defendant took exception to the decision of the
County Court, and on these exceptions the case came be-
fore the Supreme Court.

*Adams, for defendant.*—1st. There was no sufficient ev-
idence of possession in plaintiff to enable him to sustain
this action.

2d. There was no legal evidence of a conversion by de-
fendant.

3d. The evidence relative to the purchase by defendant,
of E. C. Barber, was irrevelant and and ought not to have
been admitted.

The evidence relative to the execution of Emerson &
Orvis was illegal.

CHITTENDEN,
January,
1833.

Lowry
vs.
Walker.

*Marsh for plaintiff.*—The exceptions raise but one question which was not determined in this case at the last term of this Court, viz : whether the Court erred in admitting evidence that the defendant had made a fraudulent purchase before the attachment, with intent to defeat the rights of the creditors, and had afterwards justified the purchase to be good by claiming the property and forbidding the officer to sell.

It is not contended by the defendant that the testimony by which these facts were established was insufficient or incompetent in itself to prove those facts, and the objection is therefore to the evidence itself, and not to the mode of proof.

1st. We need not perhaps enquire whether these facts alone would prove a conversion, because the case shews that an actual conversion of the whole property was proved by other evidence, and the evidence in question was introduced merely to show that the pretended right of defendant to control the property was founded on a fraud, and therefore could not avail. The real force of the objection is that the plaintiff in his testimony in chief, undertook not only to make out his own case, but to destroy the defence which would probably be set up ; and so, not that he did not prove enough, but that he proved too much. But if it be necessary for us to show, that the evidence tended to prove a converson, we rely one these cases, *Gibbs* vs. *Chase*, 10 Mass. Rep. 125 ; *Bristol* vs. *Burt*, 7 John. Rep. 254 ; 3 Starkie on Evid. 1493, *Nichols* vs. *Newton*, cited in note ; *Baldwin* vs. *Cole*, 6. Mod. 212 ; *Cowlie* vs. *Davis*, 6 East. 538 ; *Reynolds* vs. *Hende*, 5 Cowen 323 ; *Shipwick* vs. *Blanchard*, 6 T. R. 298. Nor does it alter the case, that here the purchase was before the attachment ; for the defendant's claiming under that purchase afterwards was a revival and renewal of that tortious act.

2d. But admitting that this evidence did not tend to prove a conversion, yet the defendant is not therefore entitled to a new trial. The case shows that the conversion was established by *other* evidence, and that evidence must be taken to be both competent and sufficient, because it was not objected to. It does not appear that the Court

CHITTENDEN,
January,
1833.

Lowry
vs.
Walker.

charged that the evidence which was objected to was sufficient, or that they were requested by the defendant to charge at all on the subject.   Every presumption must be in favor of the verdict.   See *Adams* vs. *Ellis*, 1 Aiken, 24 ; *Stearns* vs. *Warner*, 2 Aiken, 26.

PHELPS, J.—It is insisted in this case, that parol evidence is not admissible to prove the issuing of the execution, in the suit of Emerson and Orvis and the delivery of the same to the Sheriff, for the purpose of shewing, that the Sheriff's lien on the property continued till the time of the conversion.   Were this a new question, we should have no doubt of the legality of such evidence to establish the point, inasmuch as the issuing of execution and the delivery to the Sheriff are mere matters in pais.   The record, generally speaking, terminates with the judgement ; and although in some cases, the execution and return are treated as matters of record, as in case of a levy of lands, yet the facts to to be proved in this case, are not, from their nature, susceptible of proof by record ; the execution itself shews not when it was issued ; it has a date, but in this case, even that furnishes no evidence when it was issued ; and as to the delivery to the Sheriff, it is a fact as foreign to the record as any fact imaginable.   The minute directed to be made by the officer, of the date of the reception of the execution, is intended for the benefit and security of others, and not for his ; and should such minute appear on the execution, it would, by no means, be conclusive in his favor.   If such minute could be falsified by parol, it might be supplied by parol, for wherever record evidence is required, it is conclusive in its nature.

It is to be observed, that the suit in the present instance is in favor of the officer, and to require a minute on the execution, in such case, would be nugatory, as it is in his power to make such minute at any time, and antedate it to suit his convenience.

This question has however been repeatedly decided.— See *Lowry* vs. *Stevens*, in this County, Jan. Term, 1832, and *Fletcher* vs. *Pratts*, Windham County, 1832.   It is forther urged, that the plaintiff cannot maintain this action by virtue of his lien, for want of an actual possession

Chittenden,
January,
1833.

Lowry
vs.
Walker.

of the chattles in question. It is unnecessary to discuss the doctrine of the common law on this subject. Whatever it may be, it yields of course to legislative enactment. The statute of Nov. 6, 1817, provides that attachments made like the one in question, " shall be as effectual to hold said property, against all subsequent sales, attachments, or executions, as if said property had been actually removed and taken into the possession of the officer.

As to the execution in favor of Emerson & Orvis, it was clearly admissible as affecting the measure of damages.—It was not admitted to establish the right of action—that being sufficiently established by the proceedings in the other cases. It is a settled rule, that, the right of action being established, evidence as to the measure of damages is admissible, although it arise after the commencement of the action. This evidence was also proper, as shewing a continuance of the plaintiff's lien.

Another exception is taken to the admission of evidence to show a fraudulent purchase by the defendant from Barber, of the property in question. The case does not show what use was made of this evidence ; but if it were pertinent to any purpose, it was clearly admissible.

The case states, that evidence was given tending to show an actual conversion; and it would seem that the evidence objected to was introduced in connection with that. In this point of view, it was undoubtedly proper, as explaining the acts of the defendant, and determining their legal character and effect. The declarations of a party accompanying his acts are admissible to explain those acts. This evidence was not of itself sufficient to prove a conversion, nor was it so treated by the Court ; but, in one event, it might be very important. Upon a question whether an actual conversion of a part should be deemed a legal conversion of the whole property, evidence of this character might have an important bearing. The evidence was therefore admissible. Had any improper bearing been given to this evidence, the case should have shown it. As nothing of this kind does appear the judgement must be affirmed.