## DERRICK *v.* COLE.

### Opinion delivered April 13, 1895.

1. *Attachment—Levy upon property already in custody of law.*
   Property levied upon and held by a constable under a writ of attachment is not subject to seizure by a sheriff under another writ, without the constable's consent.

2. *Attachments—Priority.*
   Where several writs of attachment are placed in the hands of different officers, the first levy upon defendant's personal property fixes the priority of lien thereon, without regard to the time when the writs came to the hands of the other officers.

3. *Pleading—Default as to allegations of value.*
   It is error to treat allegations, in a complaint, of the value of goods alleged to have been tortiously taken as true because of defendant's failure to controvert them.

Appeal from Lee Circuit Court.

GRANT GREEN, JR., Judge.

## STATEMENT BY THE COURT.

This is an appeal from a judgment in an action of trespass. The facts necessary to an understanding of the issues in the case are that, on the 7th of December, 1892, an order of general attachment was regularly issued from the office of the clerk of the court of common pleas of Lee county, directed to the sheriff of Lee county, and was delivered to the appellee, as constable, at 11 o'clock p. m. of said day, said constable having been designated by the attorney of the plaintiff in the writ to serve the same ; that the appellee, as such constable, immediately after the receipt by him of said writ on said day, levied the same upon certain personal property, which he took into his possession, and locked up in a house. He continued in possession of the said property till the 10th day of the same month, when the same was taken from him by said appellant, as sheriff of Lee county, claiming the right to levy upon and take possession thereof by virtue of certain writs of attachment issued from the circuit court and from the court of common pleas of said county on the 7th day of December, 1892, and which came to his hands for execution at 4 and at 4:05 o'clock p. m. on said day. The complaint in the case alleged the value of the property in controversy to be $75, which was not controverted in the answer.

The defendants asked the following declaration of law by the court, which the court refused, and defendants excepted, viz. : "The court declares the law to be that an order of general attachment binds the property of the defendant in the county which might be seized under execution against him, and is a lien upon the same from the time of the delivery of the order to the sheriff, or other officer, and such lien is not displaced or divested by the levy thereon of another order of attachment against the same defendant in the hands of another

officer, which subsequently came to the hands of such officer." The court thereupon found for plaintiff in the amount sued for ($75), as the alleged value of the property taken, and rendered judgment against defendants accordingly.

Defendants filed and presented a motion for new trial, assigning grounds as follows, viz. : (1) That the finding and verdict of the court are contrary to law ; (2) that the finding and verdict of the court are not sustained by sufficient evidence ; (3) that the court erred in refusing to declare the law to be as asked by defendants. The court overruled the motion for new trial, to which defendants excepted, and prayed an appeal, and presented their bill of exceptions, which was signed by the judge, and filed in proper time.

*McCulloch & McCulloch* for appellant.

1. Under sec. 341, Sand. & H. Dig. an attachment binds the defendant's property from the time of *delivery* of the order to the sheriff or other officer. That is, it is a lien which is not displaced by actual levy under a subsequent writ. 54 Ark. 179; 56 *id.* 292; 49 *id.* 302; 39 *id.* 97 ; 133 Ill. 332.

2. There was no proof as to the value of the goods.

*E. D. Robertson* and *Jas. P. Brown* for appellee.

1. The writ first issued *binds* defendant's property so that he can make no valid sale of it, but a levy must be made to *complete* the lien. Sand. & H. Dig. sec. 341 ; 11 B. Mon. 23.

2. Property in custody of the law is not subject to execution. Freeman, Ex. sec. 135; Murfree on Sheriffs, secs. 541–2. The first levy holds the property.

3. The *value* of the property was agreed to be $75.

1. No levy on property in custody of law.

HUGHES, J., (after stating the facts.) The first question in this case is, can a sheriff, by virtue of a writ

of attachment which came to his hands before another writ of attachment in the hands of a constable came to the hands of the constable, levy upon and take from the possession of the constable, without his consent, property seized and taken possession of by the constable, under the writ received by him as such constable, after, the time when the writ held by the sheriff came to the sheriff's hands? To this question we answer, "No;" for, when a writ of attachment comes to the hands of an officer authorized to serve it, it is his duty to execute it without delay ; and when he has done so by seizing and taking into his possession property liable to be taken in execution for the defendant's debts, his possession is the possession of the court upon whose order the writ issued, and the property seized is *in custodia legis*, and no valid levy can be made upon it that will authorize a second seizure of it ; and if the officer take possession of property already levied upon and in the possession of another officer, holding under a junior attachment first levied, by force, he is liable in trespass to the officer making the first levy. An officer, by a seizure of goods under mesne process or execution, acquires a special property therein, founded upon his responsibility for the safe custody thereof. *Ludden* v. *Leavitt*, 9 Mass. 104; *Badlam* v. *Tucker*, 1 Pick. 389; *Lowry* v. *Walker*, 5 Vt. 181; *Lathrop* v. *Blake*, 3 Foster, 46; see also Drake on Attachments, secs. 221, 224, 231, 251, 255, and *n.* 2, 267, *n.* 1, 290, 291.

The second question in this case is, which writ is entitled to prior right of satisfaction, the one first levied, or the one which first came to the hands of the officer? It is proper to remark here that the decision in *Cross* v. *Fombey*, 54 Ark. 179, does not settle this question. Section 341 of Sand. & H. Dig. provides that "an order of attachment binds the defendant's property in the county, which might be seized under an execution

2. Priority of attachments.

against him, from the time of the delivery of the order to the sheriff or other officer; and the lien of the plaintiff is completed upon any property or demand of the defendant by executing the order upon it in the manner directed in this chapter." We construe this to mean, as contended by the counsel for appellee, that an order of attachment binds the defendant's property, subject to execution in the county, so that the defendant cannot sell, transfer or dispose of it, after the writ comes to the hands of the officer, so as to defeat the right of the plaintiff, if his attachment is sustained, and he obtains judgment, to have the property sold, and the proceeds applied in satisfaction of his debt.

It seems to be well settled that the first levy obtains the first right to satisfaction, without regard to the teste or receipt of the writ by the officers, where the writs are in the hands of different officers, and are levied upon personal property. Drake, on Attachments, sec. 255, and cases cited.

In 1 Freeman, Executions, sections 195,196, it is said: "The lien of an execution, like other liens, does not of itself transfer title. It does not change the right of property, and vest it at once in the plaintiff in the execution nor in the officer charged with the execution of the writ. It confers, however, the right to levy on the property to the exclusion of the transfers and liens made by the defendant subsequent to the commencement of the execution lien. * * * But an execution lien does not necessarily take precedence over the liens of junior executions. There may be several writs in force against the same defendant at the same time. Some of these may be in the hands of a United States marshal, others in the hands of the sheriff of the county, and others in the hands of a constable. Now, if these several writs were to enforce judgments which were liens on real estate, the older judgment lien would prove

paramount, irrespective of the teste, delivery or levy of the respective writs. But if there are no liens except such as arise from the writs, the rule is different. The officer who succeeds in making the first levy thereby obtains priority for his writ, and secures it the right to be first paid out of the proceeds of the sale." (See cases cited in note 1 under this section.)

This being the law in regard to the right to priority of satisfaction between a senior execution and a junior execution which is first levied, it applies with equal force to a senior and junior attachment, when the latter is levied first, because our statute (sec. 3048) expressly makes an execution a lien on the property of the defendant in any goods or chattels or the rights or shares in any stock or any real estate from the time such writ shall be delivered to the officer in the proper county to be executed. The decision in *Cross* v. *Fombey* does not contravene this doctrine.

The third point in the case is that there is no proof of the value of the goods taken from the constable by the sheriff, and this objection appears to be well taken. The complaint alleged the value of the property to be seventy-five dollars, and this is not controverted in the answer; but sec. 5761, Sand. & H. Dig. (latter clause), provides that "allegations of value, or of amount of damage, shall not be considered as true by the failure to controvert them." For failure to prove the value of the property taken from the constable by the sheriff, the judgment is reversed, and the cause is remanded for a new trial.

3. Practice upon default as to allegations of value.