## MERRIMAN *v.* SARLO.

### Opinion delivered November 7, 1896.

INFANCY—REMOVAL of DISABILITIES.—The removal of the disabilities of a minor by a judgment of the circuit court, authorizing him to transact business "in general," and providing that the acts done by him "shall have the same force and effect in law and equity as if done by a person of full age," as provided by Sand. & H. Dig. § 1119, authorizes the minor to sue or defend a suit without the appointment of a guardian *ad litem.*

JUSTICE OF THE PEACE—ATTACHMENTS.—The authority of justices of the peace to issue attachments is not limited to cases in which the debtor is a non-resident.

ATTACHMENT—NECESSITY FOR BOND.—Sand. & H. Dig., § 4422, providing for a "bond to the defendant in the manner now provided by law," applies only where the defendant is a non-resident, as provided by § 5877, *ib.*

SAME—LIEN.—An attachment from a justice's court binds the property of the defendant from the time it comes to the hands of the constable.

Appeal from Pulaski Chancery Court.

DAVID W. CARROLL, Chancellor.

### STATEMENT BY THE COURT.

On the 17th day of July, 1894, the appellee filed his complaint in the Pulaski chancery court, and alleged, in

substance, that Merriman & Menkus had, on the 18th day of April, 1894, brought suit before Hiram Robbins, a justice of the peace of Big Rock township, Pulaski county, Arkansas, against one Fred Blittersdorf for the sum of $75, and at the time procured an attachment from said justice, which was levied on the east 70 feet of lots 11 and 12 and all of lot 9 ,in block 199, in the city of Little Rock, by the constable; that Blittersdorf was under 21 years, and the grounds of the attachment were that he was about to sell, convey or otherwise dispose of his property with a fraudulent intent to cheat, hinder and delay his creditors, etc.; that on April 28, 1894, judgment by default went against Blittersdorf for $75, and the attachment was sustained; that on June 2, 1894, said Merriman & Menkus filed with the circuit clerk a transcript of the proceedings before Robbins, and on the same day got from the clerk an execution or order of sale of said lands, and placed it for enforcement in the hands of Anderson Mills, the sheriff of said county, who proceeded to advertise said lands for sale on the 28th day of July, 1894; that said judgment was rendered against Blittersdorf without a guardian *ad litem*, or any defense being made for him. Appellee further alleges that he purchased said lands from Blittersdorf on the 20th day of April, 1894, and without knowledge of the attachment, and after the removal of the disabilities of Blittersdorf by order of the Pulaski circuit court; that the transcript of the justice was not noted by the clerk on the docket, as the law directs, until July 11, 1894.

On August 17, 1894, appellants filed their answer, in which they admit the beginning and disposition of the suit before the magistrate, substantially as alleged, and set up that Blittersdorf had his disabilities as a minor removed by order of the circuit court, before he entered into the contract with appellants, and before the institution of the suit before Robbins. They therefore

submitted that a guardian *ad litem* was unnecessary, and that notice to appellee of the attachment cut no figure, because the lien had attached before he bought.

The agreed statement of facts is as follows: "(2) That the plaintiff, at the time he purchased the property from Fred Blittersdorf, had no actual notice that Merriman & Menkus had or claimed any lien upon or any rights in said land described in the complaint. (3) That Fred Blittersdorf, mentioned in the complaint, was, when the writ of attachment was sued out before Robbins, justice of the peace, and when judgment was rendered by said justice, a citizen and resident of Arkansas, and of Pulaski county, and was not twenty-one years of age, and was a male person. (5) That the transcript, filed with the complaint as Exhibit "C," was not entered in the docket of the circuit court for common law judgments of Pulaski county, Arkansas, until the 11th day of July, 1894, but was filed with the clerk on June 2, 1894. (6) That the defendant sheriff was proceeding to sell said lands as alleged in the complaint. (7) That Merriman & Menkus filed no bond in the office of the clerk of the circuit court of Pulaski county before the issuance of the order of sale, a copy of which is filed with the complaint as Exhibit "D," except an ordinary attachment bond, a copy of which is attached hereto as Exhibit "B." (8) That no guardian *ad litem* was appointed for Fred Blittersdorf in any of the proceedings set forth in the complaint, and no defense of any kind was made for him to the suit of Merriman & Menkus as alleged in the complaint. (9) That the plaintiff had no actual notice of the issuance or pretended levy of the writ of attachment in the suit of Merriman & Menkus *v.* Blittersdorf, until after he had become the purchaser of the land involved in this suit and obtained his deed thereto. (10) That all of the dates alleged in the complaint as to the filing and issuance of papers of

all kinds therein mentioned are correct, except the dates of the affidavit for and the issuance of the writ of attachment by the justice of the peace, about which we cannot agree."

The affidavit and writ of attachment before Robbins appear to have been made and issued on the 17th, while the magistrate states in his indorsement on the affidavit and his docket entry that it was all done on the 18th. This apparent conflict is explained in the deposition of Judge Merriman to have occurred from oversight on his and the magistrate's part in not changing the date of the papers that had been prepared and dated by him the day previous to the institution of the suit before Robbins. His testimony, which is undisputed, shows that the attachment bond was given, the affidavit made, and the writ issued, at the same time.

On the 22d day of January, 1895, the court sustained the contention of Sarlo, and made the injunction perpetual against the sale of the lands in dispute, and based its judgment on the fact that Merriman & Menkus got no lien on the lands by virtue of the proceedings before the magistrate; and they appealed.

*W. F. Hill*, for appellant.

1. The justice had jurisdiction. Sand. & H. Dig. secs. 4421-2-3; 40 Ark. 129.

2. No guardian *ad litem* was necessary for Blittersdorf. His disabilities had been removed, and he could be sued as an adult. But if a guardian was necessary, appellee cannot complain. 31 Ark. 375; 18 Am. St. Rep. 696, and note, and 698. The judgment cannot be attacked collaterally. 49 Ark. 414, 415.

3. No further bond was necessary, as the defendant was a resident. The original attachment bond was all that was necessary. 40 Ark. 124, 130-1.

4. The attachment was a lien from the time it came to the constable's hands and was duly served. 29 Ark. 92–3; Sand. & H. Dig. secs. 336, 341.

*Murphy & Menkus* for appellee.

1. A guardian *ad litem* should have been appointed for Blittersdorf. The act removing his disabilities is not broad enough to dispense with the provisions of the statute providing for guardians *ad litem* for all minors. Sand. & H. Dig. secs. 1119, 5647–8.

2. The judgments in 31 Ark. 375 and 49 *id.* 414 were judgments of superior courts, which are presumed to take care of the rights of infants, and where judgments are, by a general rule of the common law, not void, but only voidable by plea or error. 18 Ark. 53; 11 *id.* 519.

3. The attachment was ineffectual because Blittersdorf was a resident. 40 Ark. 129, etc.

4. No lien was acquired until the transcript was filed and entered in the clerk's office. Sand. & H. Dig. sec. 4422.

HUGHES, J., (after stating the facts.) The jurisdiction of the justice of the peace to issue an attachment and have the constable levy the same on real estate, and to transmit his judgment to the circuit court to be there enforced, is fully provided for by sections 4421–4423, Sand. & H. Dig. The constitutionality of these provisions has been settled in *Bush* v. *Visant*, 40 Ark. 129.

The removal of the disabilities generally of a minor by a judgment of the circuit court authorizing the minor to transact business "in general," and providing that acts done by the minor "shall have the same force and effect in law and equity as if done by a person of full age," as provided by the statute (sec. 1119 of Mansfield's Digest), authorizes the minor to sue or defend a suit without the appointment of a guardian *ad litem*.

*Removal of infant's disabilities.*

The latter clause of said section 1119 provides "that letters testamentary, of administration, or guardianship, may be granted to any such person," etc. Surely, if a minor, whose disabilities have been removed, can act as executor, administrator, or guardian for another, he ought to be competent to act for himself in a suit at law, without the appointment of a guardian *ad litem* to conduct the suit or defense for him, and we think he may lawfully do so, under the statute, and that he is bound by his action or his failure to act.

The order removing the disabilities of Blittersdorf in this case provides "that the disabilities of said petitioner be and the same are hereby removed, and all of his acts done and contracts made shall have the same force and effect in law or equity as though done by a person of full age."

Authority of justice of the peace to issue attachments.

We do not agree with the appellee in his contention that the act which authorizes the justice of the peace to issue attachments applies only in case the debtor is a non-resident. The act is not so limited.

Necessity for bond.

Section 4422, Sand. & H. Dig., provides for a "bond to the defendant in the manner now provided by law." But the statute only prescribes a bond in case the defendant is non-resident. Sub-division 2, sec. 5877, Sand. & H. Dig. The original attachment bond was all that was required in this case.

When lien attaches.

The attachment bound the property of the defendant from the time it came to the hands of the constable. The law fixed the lien, and not the justice of the peace. Sec. 341, Sand. & H. Dig.

Reversed, and remanded for further proceedings not inconsistent with this opinion.