## ARKADELPHIA LUMBER COMPANY *v*. McNUTT.

### Opinion delivered November 17, 1900.

1. PRIORITY—ATTACHMENTS—. Where two writs of attachment were placed in the hands of different officers to be levied, the one first levied upon defendant's personal property acquired priority. *Derrick* v. *Cole*, 60 Ark. 394, followed. (Page 421.)

2. SAME—SPECIFIC AND GENERAL ATTACHMENTS.—The levy of a specific attachment upon personal property for the purchase money thereof does not give to a lien thereby acquired any precedence over that created by the prior levy of an order of general attachment. (Page 421.)

3. CONFLICTING LIENS—SUFFICIENCY OF COMPLAINT.—A complaint alleging that plaintiff has a lien by attachment on personal property on which defendant has a junior lien by attachment, and that the defendant, proceeding under its lien, has had the property sold, and that, on account of the conflicting levies, the title to the property is rendered uncertain, and that bidders will be deterred from bidding at a sale under

plaintiff's attachment, with a prayer that the sale under defendant's writ be set aside, states no cause of action, as it does not show that plaintiff was affected by the lien claimed by defendant. (Page 422.)

Appeal from Clark Circuit Court in Chancery.

JOEL D. CONWAY, Judge.

The complaint in this cause was as follows:

"The plaintiffs, S. R. McNutt, J. C. Wallis, Dave Graves, and J. M. Gordon, complaining of the defendant, Arkadelphia Lumber Company, state: That the Arkadelphia Lumber Company is a domestic corporation under the laws of the state of Arkansas. That on the 18th day of October, 1898, the plaintiff S. R. McNutt brought a suit in the Clark county court of common pleas against H. J. Edgarton on a demand for $1,300 or $1,400 on several distinct causes of action, each of them being within the jurisdiction of the court of common pleas, and sued out a writ of general attachment against the property of said H. J. Edgarton in Clark county, Arkansas, and placed the same on that day for service in the hands of the sheriff of Clark county, and the same was from that date a lien upon all of the personal property of the said H. J. Edgarton which was situated in Clark county. That on the 22d day of October, 1898, the said plaintiff caused said writ of attachment to be levied as a first lien, and prior to all other writs or the process of any other court, upon a certain planer before that time in the possession of, and as the personal property of said H. J. Edgarton, and the said property is still up to this time in the possession and under the control of the sheriff by virtue of said levy. That the said sheriff made his return of the said writ of attachment showing said levy to said court of common pleas, and at the December term, 1898, of said court, a judgment was rendered against said H. J. Edgarton, and in favor of S. R. McNutt, and said planer was by said court ordered to be sold in satisfaction thereof. That, after said levy was made, the plaintiffs, J. C. Wallis, Dave Graves and J. M. Gordon, each having instituted suits in justice-of-the-peace courts against said Edgarton, caused said suits to be transferred to said court of common pleas, where by proper orders said causes were consolidated with the case of S. R. McNutt *versus*

H. J. Edgarton, and thereafter presented under the name and style of S. R. McNutt, et al., *versus* H. J. Edgarton. That on the 22d day of October, 1898, the defendant, the Arkadelphia Lumber Company, commenced an ordinary suit for about a hundred dollars, in which suit it claimed a vendor's lien against and upon the said planer levied on as aforesaid by said sheriff in the case of S. R. McNutt. And the said Arkadelphia Lumber Company in that action sought to enforce its said vendor's lien. That said suit was not an attachment suit, and was prosecuted in the justice court of J. P. Hart, one of the justices of the peace in and for Caddo township, Clark county, Arkansas. That no bond or affidavit for attachment was filed in that cause. That no personal service was had upon the said H. J. Edgarton, but only a service by constructive process. That on the said 22d day of October, 1898, and just after the said levy was made by the said sheriff in the case of S. R. McNutt *versus* H. J. Edgarton, the said defendant, the Arkadelphia Lumber Company, caused the constable of Caddo township to levy upon the said planer, which levy he, the said constable, falsely claimed to be prior to the said levy of the said sheriff. That on the 16th day of December, 1898, the said Arkadelphia Lumber Company obtained a judgment against said H. J. Edgarton, and an order condemning the said planer to be sold in satisfaction of its said pretended vendor's lien. That, in pursuance of said order, the said constable, after advertising, proceeded on the 26th day of December, 1898, to sell or attempt to sell the said planer, which was bought at said sale by the Arkadelphia Lumber Company for $100. That at the time the defendant, Arkadelphia Lumber Company, commenced its suit against the said H. J. Edgarton it had no vendor's lien against him for the purchase money of said planer for any amount, for the reason that the purchase money heretofore had been paid long prior thereto by H. J. Edgarton. That, on account of the said conflicting levies recited herein, the title to the said planer is rendered uncertain, and bidders will be deterred from buying the planer at the sheriff's sale. That the plaintiffs had no adequate remedy in a court of law, wherefore the plaintiffs pray that this court determine the rights of the parties to this suit, and on the hear-

ing quash and set aside the sale heretofore made at the instance of the defendant, Arkadelphia Lumber Company, by the said constable.   *   *   * ' And plaintiffs pray judgment for their costs and all other proper relief.''

On the calling of the cause for trial the defendant (appellant) interposed the following demurrer:

"Comes the defendant, Arkadelphia Lumber Company, and demurs to the petition of the plaintiffs herein, and for cause says:

"First:   That the matter set forth in said petition is not the subject of equitable jurisdiction.

"Second:   Because said petition does not set forth the judgment alleged to have been obtained before the court of common pleas of Clark county, Arkansas, the manner of service of summons, nor the writ of attachment, together with the return thereon and other pleadings therein had before the rendition of said judgment.

"Third:   Because the judgment, as alleged in said petition, in behalf of S. R. McNutt is void by reason of the fact that it is in excess of the jurisdiction of the said common pleas court.

"Fourth:   Because said petition does not state facts sufficient to constitute a cause of action nor for the relief therein prayed for.''

The demurrer was overruled, and defendant, failing to plead further, stood upon its demurrer.   Judgment was rendered in favor of plaintiffs as prayed for, and defendant appealed to this court.

*John E. Bradley*, for appellant.

Equity has no jurisdiction of the subject-matter of this suit, since there was a plain and adequate remedy at law, under Sand. & H. Dig., § 372.   Appellees lost their right to assert their right to the *res* by failure to appear in the proceeding *in rem* in the justice's court.   Waples, Attach. § 789.   That they could have so appeared, see: 57 Ark. 541; 63 *ib.* 157; 50 Ark. 140; 47 Ark. 31.   The petition should have set forth the judgment of common pleas court, together with manner of service, the writ of attachment and return thereon.   Bailey,

Jurisd. § 129; 46 N. Y. S. R. 139; 148 N. Y. 202; 54 Ark. 627; Bl. Judg. § 281.

*Dougald McMillan* and *J. H. Crawford*, for appellees.

Motion to transfer to law, and not demurrer, was the proper means of raising the question of jurisdiction of equity. 27 Ark. 585; 28 Ark. 358; 37 Ark. 286; 51 Ark. 235. The statutory remedy is not exclusive. 20 Ia. 27; 30 N. W. 4; 3 Pom. Eq. Jur. § 355; 65 Ark. 467. *Cf.* Sand. & H. Dig., §§ 3088, 5636, 5583. Equity had jurisdiction. 33 Ohio St. 661; 16 N. J. Eq. 299; 11 Ark. 411.

BATTLE, J.  Appellees fail to show in their complaint any cause of action against the appellant.  They show that appellee, S. R. McNutt, had acquired a lien on the planer, the property attached, prior to that claimed by the appellant.  The planer was seized by the sheriff under the order of attachment in favor of McNutt, and was in the possession of that officer before the constable undertook to levy upon it under the order in favor of the Arkadelphia Lumber Company.  This being true, the lien acquired by McNutt was prior and superior to any that could have been claimed by the lumber company. *Derrick v. Cole*, 60 Ark. 394.  The fact that the debt the appellant sought to recover by his action was for the purchase money for which the planer sold did not create a lien.  It only excepts it from exemption from seizure and sale under an execution in favor of the vendor or his assigns upon a judgment for the purchase money, and enables the vendor or assigns in a suit for the purchase money to seize the planer at once, if in the control of the vendee, without alleging the ordinary grounds for an attachment. *Bridgeford* v. *Adams*, 45 Ark. 136.  The action instituted for the purchase money, the issue of an order under section 4728 of Sandels & Hill's Digest, and seizure under such order do not give to a lien thereby acquired precedence over that created by the levy of an order of attachment prior in time to such seizure.  The lien in the action for the purchase money is subject to that of the order of attachment. *Swanger* v. *Godwin*, 49 Ark. 290; *Fox* v. *Arkansas Industrial Company*, 52 Ark. 450.

Appellees fail to show any cause of action in favor of any of them. All they allege as to any of the co-appellees of McNutt is as follows: "That after said levy was made (that is, the levy of the order of attachment in favor of McNutt) the plaintiffs, J. C. Wallis, Dave Graves, and J. M. Gordon, each having instituted suits in justice-of-the-peace courts against said Edgarton, caused said suits to be transferred to said court of common pleas, where by proper orders said causes were consolidated with the case of S. R. McNutt *versus* H. J. Edgarton, and thereafter prosecuted under the name and style of S. R. McNutt et al. *versus* H. J. Edgarton." The co-appellees do not show a cause of action against any one—simply show that they instituted suits.

No one has a right to complain of a lien which does not injuriously affect him. He has no right to constitute himself guardian of another, and interpose a defense in an action against such person, or have a judgment in such action set aside "on the ground that the defendant had defenses which he might have asserted, or that, in the transaction between the plaintiff and the defendant out of which the judgment grew, the former over-reached the latter." Unless he is injuriously affected, he has no right to institute an action to set aside a lien, sale or judgment. *Glaser* v. *First National Bank*, 62 Ark. 175. In the case before us the appellees did not show that they were affected by any lien claimed by the appellant. The demurrer to their complaint should have been sustained.

The judgment of the circuit court is therefore reversed, and the cause is remanded, with instructions to the court to sustain the demurrer, and allow the appellees to amend their complaint, so as to show a cause of action, if they can, and so desire.

Wood, J., dissents.