## MᶜKINNEY v. BLAKELY.

### Opinion delivered October 5, 1908.

1. ATTACHMENT—LIEN.—A writ of attachment constitutes a lien on the personal property of the defendant therein from the time of the delivery of the writ to the officer. (Page 406.)

2. CONSTABLE—LIABILITY FOR FAILURE TO SEIZE PROPERTY.—A constable in whose hands a writ of attachment is placed is liable for failure to levy on and hold property of the attachment defendant subject to seizure. (Page 406.)

Appeal from Pike Circuit Court; *James S. Steel*, Judge; affirmed.

*J. C. Pinnix, S. S. Langley* and *T. D. Crawford*, for appellants.

1. Where there is any evidence tending to establish an issue, it is error to take the case from the jury. 63 Ark. 94.

2. When proof is made without objection of the untruth of an allegation in the complaint not specifically denied in the answer, the answer will be treated as amended to conform to such proof. 65 Ark. 422; 76 *id.* 468.

3. An officer may successfully defend an action for not selling goods levied upon by him by showing that they did not belong to the defendant. 2 Freeman on Ex. § 304 and note 450.

*Sain & Sain,* for appellee.

1. There was no issue to submit to the jury, as the evidence shows the sale of the property took place after the writ came to the hands of the officer. 69 Ark. 562-8; 75 *id.* 406; 82 *id.* 365.

2. When a breach of duty is shown, the law presumes damage by the acts of the officer. 53 Ark. 100; Sedgw. on Damages, 509, 513; 15 Oh. St. 43. The measure of damage is the full

amount of the judgment, unless mitigating circumstances are shown.  6 Ark. 150.

3.    It was the duty of the officer to see that a proper bond was given.  Kirby's Dig. § 425 *et seq.; 70* Ark. 54.  Failure to have the property properly appraised before bond taken and to make any effort to have the lumber turned over for the purpose of selling to pay judgment rendered the officer liable.  37 Ark. 528.

McCulloch, J.  This is an action on the bond of a constable to recover damages for failure to execute an order of general attachment issued at the instance of the plaintiff against certain property of the defendants in the action in which it was issued. The defense is that the property in question belonged to other persons than the defendants in attachment—that the property had been sold and delivered by those defendants to the other persons before the writ came to the hands of the constable.

The court instructed the jury to return a verdict in favor of the plaintiff, and that ruling is assigned as error.  We find on examination of the testimony in the record that it establishes beyond dispute the fact that the sale and delivery of the property by the defendants in attachment took place after the writ came to the hands of the officer.  The writ was therefore a lien on the property, and it was the duty of the officer to levy on it.  Kirby's Dig. § 360; *Cross* v. *Fomby,* 54 Ark. 179; *Derrick* v. *Cole,* 60 Ark. 394; *Merriman* v. *Sarlo,* 63 Ark. 151.

The lien could have been perfected by the seizure of the property by the officer, and it was his duty to do so and to hold it subject to the further orders of the court.  For a breach of this duty the constable and the sureties on his bond are liable for the damages incurred by the plaintiff in the attachment.