MISSOURI PACIFIC TRANSPORTATION COMPANY *v.* NORWOOD.

4-4131

Opinion delivered February 10, 1936.

*Huie & Huie* and *Carmichael & Hendricks,* for appellant.

*J. H. Lookadoo, G. W. Lookadoo* and *Lyle Brown,* for appellee.

HUMPHREYS, J. This is an appeal from a judgment for $1,750 recovered by appellee from appellant in the circuit court of Clark County for damages for personal injuries alleged to have been received in a collision near Chidester between an automobile driven by Mr. De-Laughter and appellant's bus through the alleged negligence of appellant's driver in driving the bus on the wrong side of the road or, after the collision, driving it off the shoulder into a ditch and turning it over. Other grounds of negligence on the part of appellant's driver than the two mentioned were alleged but were abandoned.

Appellant contends for a reversal of the judgment because the court overruled its motion to quash the service. It is first argued that the appellee is a minor and could not become a party plaintiff in contemplation of the law. His disabilities had been removed for all purposes when he instituted this suit. It was ruled in the case of *Merriman* v. *Sarlo,* 63 Ark. 151, 37 S. W. 879, that the removal of the disabilities of a minor generally authorizes the minor to sue or defend a suit without the appointment of a guardian *ad litem.* It is next argued that the service should have been quashed because the summons was served on its station agent at Gurdon in Clark County, instead of being served upon J. E. Wiley, its designated agent. The following cases are authority to the effect that the statute requiring corporations to appoint an agent upon whom process may be served is not exclusive of other methods of service: *Lesser Cotton Company* v. *Yates,* 69 Ark. 396, 63 S. W. 997; *Henrietta Mining & Milling Co.* v. *Henry Johnson,* 173 U. S. 221, 19 S. Ct. 402; and *Meeks* v. *Waggoner,* 191 Ark. 189, 85 S. W. (2d) 711.

Appellant also contends for a reversal of the judgment because the court overruled its motion to quash the

jury panel. This contention was recently decided adversely to the contention of appellant in the case of *American Refrigerator Transit Company* v. *Stroope,* 191 Ark. 955, 88 S. W. (2d) 840.

Appellant also contends for a reversal of the judgment because the court permitted the attorney for appellee to ask certain witnesses introduced ·by appellant on cross-examination, whether they did not present claims to appellant for injuries they had received in the collision or whether they had not settled with appellant for injuries they had received in the same collision. ·Counsel for appellant argue that the evidence should be excluded on the ground that compromise settlements were inadmissible. In this case, these witnesses had testified to facts tending to show that appellant's driver was not negligent. The questions and answers were admissible as tending to contradict their testimony, and also to go to the credibility of the witnesses. The counsel for appellant did not ask that their testimony be limited to these purposes. Being admissible for these purposes and without such a request on the part of appellant's counsel, it was not error to permit the questions and answers.

Appellant also contends for a reversal of the judgment on the ground that there was no substantial evidence introduced tending to show appellant's driver was negligent either by driving the bus on the wrong side of the road or by driving it off the shoulder into a ditch and turning it over, and that the court erred in not instructing a verdict for it at the conclusion of the testimony.

There is testimony in the record tending to show that, at the time of the collision, the bus driver was over on the left side of the mark in the middle of the road, and that, had he not been on the wrong side of the road, the collision would not have occurred, and also testimony tending to show that he continued to drive on after the collision some forty yards until he ran into the ditch and turned the bus over, instead of stopping the bus when the collision occurred. The evidence was sharply conflicting as to whether the driver of the bus was negli-

gent in either respect, but, under the conflicting testimony, it was proper to refuse a peremptory instruction and to send the case to the jury under the two allegations of negligence alleged, to which the proof had been directed.

Appellant also contends for a reversal of the judgment because the instructions given at the request of appellee were inconsistent and misleading to the jury. We have carefully read them and cannot discover any inconsistencies between them. They fairly covered the issues involved, and were not misleading.

No error appearing, the judgment is affirmed.