THE TOWN OF PEACHAM v. THE TOWN OF WATERFORD.

*Removal of Paupers.*

A wife and minor children are not subject to removal as paupers, without the husband and father, when the latter is confined in jail in another town in the same county, by virtue of legal process, but was living with his family in the town procuring the order to be made, before and at the time of his imprisonment.

APPEAL from an order of removal of Mary A. Bean, a pauper, and her seven minor children, from the town of Peacham to the town of Waterford. The paupers were removed under said order.

The defendant pleaded in bar, that at the time said order was made, the said Mary A. Bean was, and for a long time before that time, to wit, fifteen years, had been, and still was, the lawful wife of one Joseph Bean, and that said children were the minor children of the said Joseph and Mary; that at the time said order was made, the said Joseph resided, and for a long time had resided, in said Peacham, and had his domicil and residence there, until his said wife and children were removed to said Waterford as aforesaid. The plaintiff replied, admitting the allegations of the plea, but alleging that the said Joseph, at the time of making said order, was, and for a long time before that time had been, confined in the common jail at St. Johnsbury, by virtue of legal process, whereby the keeper of said jail was commanded to receive the said Joseph within said jail, and him safely keep, until discharged by due process of law,—so that the said Joseph was not within the jurisdiction of the justices who made said order, at the time of the making thereof. To this replication the defendant filed a general demurrer. The court, at the June term, 1873, Ross, J. presiding, sustained the demurrer, and adjudged the replication insufficient, and that said order be quashed; to which the plaintiff excepted.

*B. N. Davis*, for the plaintiff.

By the statute, paupers may be removed from the town where they have come to reside, to the town where they have a legal

settlement, and the statute, in express terms, makes no exceptions. But some legal impediment may intervene to prevent a removal, without any loss or suspension of settlement. Thus, children of tender age, requiring the nurture of the mother, are not removable from her to their place of settlement. Nor can a person owning a freehold estate be removed; and a wife, living with her husband and under his immediate control, and who is a foreigner, not having any legal settlement, cannot be removed. ROYCE, J. in *Northfield* v. *Roxbury*, 15 Vt. 622.

The question here presented is, whether the wife and her minor children can be removed when her husband is confined in jail in another town. Where a wife separates from her husband, and intrudes into another parish, she may be removed to the place of her husband's settlement. WILLIAMS, Ch. J., in *Hartland* v. *Pomfret*, 11 Vt. 440, 442.

In *Wilmington* v. *Jamaica*, 42 Vt. 694, the defendant town set up the coverture of the pauper in defence. The plaintiff replied that the husband had abandoned and deserted her, and removed to parts unknown; and it was decided that the replication was an answer to the plea. The same principle was, substantially, decided in *Bethel* v. *Tunbridge*, 13 Vt. 445; and in *Rupert* v. *Winhall*, 29 Vt. 246, where REDFIELD, Ch. J., said, when the husband abandons his wife, or the control of his family, the wife and children may be removed. The case at bar presents a state of facts somewhat different from the facts presented in the above cases. The pleadings admit the paupers' settlement in Waterford, and that the family was chargeable to Peacham. *Wilmington* v. *Jamaica*, 42 Vt. 694, 697. The husband was confined so that he could not be brought before the justices, and no notice could be served on him, only by bringing him before them for examination. *Hartland* v. *Pomfret*, *supra*; therefore, no order on him would be binding in any view.

*Belden & Ide*, for the defendant.

The replication concedes that Joseph Bean had his domicil in the town of Peacham at the time of the making of the order; and notwithstanding he was confined in jail, temporarily, at that

time, he was not beyond the reach of the process of the justices, so far as it was necessary to lay a basis for the order, or for the order itself. In no legal sense can his condition be treated the same as that of a person out of the state. In the case of *Hartland* v. *Pomfret*, 11 Vt. 440, the husband had his domicil in the town of Hartland, the same place as his wife ; but, although included in the complaint of the overseer, he was not apprehended for examination, for the reason that the officer could not find him ; and it was held that the wife could not be removed from the husband. In *Northfield* v. *Roxbury*, 15 Vt. 622, the husband was not subject to removal, because he was a foreigner ; and there the court held that the wife could not be removed from the place of domicil of her husband. In these cases, the reason why the wife could not be removed, appears to be, because a separation of the husband and wife is nowhere justified by the pauper law. Allowing that the husband, in this case, could not have been removed upon a warrant, by reason of his confinement in jail ; yet, we see no reason why the condition is not entirely analogous to that of a pauper unable to be removed by reason of sickness.

The opinion of the court was delivered by

Peck, J.    Principles of humanity, as well as public policy, forbid the removal of paupers under the pauper laws, to the town of their legal settlement, where the proceeding involves the separation of husband and wife. This common law principle, and many other principles of the common law of like character relating to the removal of paupers, have always been regarded as in force in this state, as qualifying the general language of our statute on this subject. Notwithstanding the general language of the statute authorizing the removal of paupers to the town of their legal settlement, a pauper cannot be removed from the possession of his or her freehold. And notwithstanding the provision of the statute that " a married woman shall follow and have the settlement of her husband, if he have any within this state ; otherwise her own at the time of her marriage, if she had any, shall not be lost or suspended by the marriage," if she is resid-

ing on her freehold estate with her husband, who has a settlement in another town in the state, she cannot be removed from the possession of her freehold; nor can her husband be removed, as that would lead to the separation of the husband from the wife, or the wife from her freehold. So a married woman, while the ordinary relation of husband and wife exists, whose husband, residing in the state, has no settlement in the state, cannot be removed to the town of her settlement at the time of her marriage, although by express provision of the statute that settlement is not lost or suspended by the marriage. The reason is, her husband cannot be removed to that town, as he has no settlement there; and to remove her there, would separate her from her husband. If the husband has abandoned his wife and left the state, the wife, and also their minor children with her, may be removed to the town of his legal settlement, if he has any, and if not, then to the town of her legal settlement at the time of her marriage. But the confinement of the husband in jail by virtue of legal process, as alleged in the replication, cannot be regarded as an abandonment of his family by him, or as breaking up the family relation; and does not justify the order of removal in question. The family relation still existing cannot be thus invaded. The industry of counsel has furnished us with no instance where such order of removal has been made for such cause; and opportunities for such experiment must have been frequent, especially during the existence of our old law authorizing imprisonment for debt. The county court properly adjudged the replication insufficient.

Judgment affirmed.