KNUTE N. MELBY *vs.* D. M. OSBORNE & Co.

July 9, 1886.

**Evidence—Unaccepted Offer of Compromise.**—An unaccepted offer by way of compromise is not evidence against the party making it.

Plaintiff brought this action in the district court for Douglas county, to recover damages for an alleged breach of warranty made by defendant (a corporation) on the sale of a harvester and binder. After the decision of a former appeal, (33 Minn. 492, where the contract is printed in full,) the action was again tried, before *Baxter*, J., with a jury. The plaintiff having proved the delivery of the machine under the original contract, and given evidence tending to prove that it broke down when used in the harvest of 1881, with other evidence as to the failure of the machine, and of his damages, the defendant introduced in evidence, against plaintiff's objection and exception, a paper marked Exhibit B, dated August 18, 1881, signed by Earl and Hanson, as agents for defendant, and by which they guaranteed to place the machine in perfect order in the next harvest, and that if the machine could not be made to do good work, the sale and payment should be void. The defendant requested an instruction that "if the jury find that the written agreement," Exhibit B, "was entered into and accepted by plaintiff and defendant after the harvest season of 1881, it amounts to a new and different contract, and takes the place of the one sued on here as to the plaintiff's remedy, and he cannot recover in this action." The request was refused, and the defendant excepted. The jury found a verdict of $286.37 for plaintiff, a new trial was refused, and the defendant appealed.

*Russell, Emery & Reed,* for appellant.

*Nelson, Reynolds & Treat,* for respondents.

BERRY, J. As to the making and breach of the original contract of warranty, and consequent damage to plaintiff, the evidence was ample. As to the *quantum* of damage it is not so ample, nor in all respects so completely satisfactory, but we are nevertheless of opinion that there was enough to support the finding of the jury.

There is no foundation for the instruction requested and refused in reference to the effect of Exhibit B. There is nothing whatever to show that it was accepted as a new contract to take the place of the original warranty, or that it was given for any other purpose than, as plaintiff testifies, "to pacify" him, or that it was founded upon any consideration upon either side.

Exhibit D was properly excluded. It was a letter purporting to have been written by plaintiff's attorneys, before the commencement of this action, to defendant, and, irrespective of the fact that it had no tendency to prove anything material, it was a mere proposal for a compromise of a claim, which proposal, it may be added, was, so far as the evidence shows, never accepted, nor attempted or offered to be accepted, by defendant. *West* v. *Smith*, 101 U. S. 263; *Daniels* v. *Town of Woonsocket*, 11 R. I. 4; *Draper* v. *Hatfield*, 124 Mass. 53; *Gay* v. *Bates*, 99 Mass. 263; *Barker* v. *Bushnell*, 75 Ill. 220.

The charge was clear and fair, and we see no reason to disturb the verdict.

Order affirmed.