## HENRY G. BLAKE vs. JOHN A. HOGAN.

Submitted on briefs April 3, 1894.    Affirmed April 20, 1894.

No. 8614.

**Dismissal justified by the evidence.**

Upon an examination of the evidence submitted upon the trial of an election contest, it is *held* that the trial court was justified in dismissing the proceeding when contestant rested.

Appeal by contestant, Henry G. Blake, from an order of the District Court of Ramsey County, *J. J. Egan,* J., made November 4, 1893, denying his motion for a new trial.

At a general election held in Ramsey County November 8, 1892, Henry G. Blake (Republican) and John A. Hogan (Democrat) were candidates for the office of county superintendent of schools for that county excluding the city of St. Paul. The board of canvassers on November 22, 1892, declared Hogan duly elected. Blake gave notice of contest pursuant to Laws 1891, ch. 4, § 95, and the matter was on January 27, 1893, heard and tried in the District Court of Ramsey County in the manner that civil actions are tried by the court without a jury. At the close of the testimony offered by the contestant the court on motion dismissed the proceeding on the ground that the evidence did not sustain the allegations of the no-

tice of contest. A case containing all the evidence given was made, settled, signed and filed and upon it and the records and files the contestant moved for a new trial. The court denied the motion and he appealed.

*F. W. Zollman*, for appellant.

*C. D. & Thos. D. O'Brien*, for respondent.

COLLINS, J. To succeed in this contest on the grounds taken by counsel for contestant in the court below and also in this court, it was incumbent upon him to show upon the trial that of the votes cast and counted for the contestee, respondent here, in the town of Mounds View, forty-two were unlawfully and illegally cast and counted. The proofs must have been of such weight and character as to have justified the trial court in deducting forty-two from the total number of votes received by the contestee, as that number was finally determined upon on an inspection and examination of the ballots involved, in accordance with the provisions of Laws 1891, ch. 4, § 96. Upon a perusal of the testimony, we are satisfied that it failed in this respect, and that the proceeding was properly dismissed by the court below.

The contestant attempted to show that forty-six of the votes cast and counted in the town before mentioned for the contestee were unlawfully and illegally so cast and counted. His counsel really admits that as to three of these the proof was short, and, upon a careful perusal of the testimony—especially the cross-examination—of the only witness by whom he attempted to prove that the electors numbered 8, 10, 12, 14, 36, 38, 39, 40 and 44 in the list found in his brief (9 in all) had voted for the contestee, we are constrained to hold it too indefinite and unsatisfactory for the purpose sought. These persons were all qualified electors, and to deprive them of the right to have their ballots counted, and at the same time to charge each vote cast by them to the contestee, the result being to change his apparent plurality of forty-one to a plurality of one for the contestant, the testimony should be fairly clear and convincing; and, as before remarked, it is not. The proof as to whom two or three or other electors voted for of the forty-six before mentioned is rather vague, but further discussion is unnecessary.

In view of what has been said, it is obvious that we are not required to determine whether the various provisions of Laws 1891, ch. 4, § 57, are mandatory or merely directory. Reference to other alleged errors need not be made.

Order affirmed.

(Opinion published 58 N. W. 867.)