PETER G. LANDIN   v. MOORHEAD NATIONAL BANK.

November 14, 1898.

Nos. 11,266—(92).

**Sale of Plaintiff's Wheat—Unauthorized Act of Defendant's Cashier —Payment.**

The cashier of the defendant shipped for the plaintiff, in the name of the bank, a car load of wheat to Duluth, to be sold on account of the plaintiff. The wheat was sold, and the proceeds remitted to and received by the defendant bank. *Held*, that although the cashier, in shipping and selling the wheat for the plaintiff in the name of the bank, acted beyond the scope of his authority, yet the bank, having received the proceeds, is bound to account for them to the plaintiff, and the fact that it has, through the mistake of its cashier, paid over the money to another party, is no defense.

Action in the district court for Clay county to recover $370, the proceeds of the sale of a car load of wheat. The case was tried before Baxter, J., and a jury, which rendered a verdict in favor of plaintiffs in the sum of $382.62. The court denied a motion for a new trial, and from a judgment entered upon the verdict defendant appealed. Affirmed.

*C. A. Nye* and *N. I. Johnson*, for appellant.

*F. H. Peterson*, for respondent.

MITCHELL, J.

The facts were that defendant's cashier shipped in the name of the bank a car load of wheat to Duluth for sale on account of the owners, who were plaintiff's brother and one Foote. This wheat was sold, but never paid for; the bank upon which the purchaser gave the check for the purchase price having failed before the check was presented for payment. Very shortly after the shipment of this car, the cashier shipped, also in the name of the defendant, another car load of wheat to Duluth for sale on account of the plaintiff, who was the owner. This wheat was sold and paid for. The cashier, assuming that the money was the proceeds of the first car load, paid it over to plaintiff's brother and Foote. The cashier was alone responsible for this mistake. He had in his

possession the means of ascertaining of which car load the money was the proceeds, but, without informing himself, he assumed that the first money received was on account of the first shipment. While plaintiff was present when the money was paid over to his brother and Foote, he knew nothing of the cashier's mistake, and did nothing to mislead him, or to estop himself from claiming from the bank payment of the proceeds of his own wheat.

The plaintiff brought this action to recover the money received by the bank as the proceeds of his own wheat. It is purely an action for money had and received. Defendant's counsel urge that there was no evidence that this money was ever received by the bank. The evidence on that question is not very explicit. It would seem that the case was tried on the assumption by both counsel that the proceeds of this car load of wheat were transmitted to, and received by, the bank. It does appear that the wheat was shipped in the name of the bank, and naturally, and in the absence of directions to the contrary, the proceeds would be remitted to the consignor. Again, the cashier himself, in testifying regarding the check received for the first car load, which was shipped in the same way as the second, said, "We did not return it,"—a form of expression which seems to imply that the word "we" referred to the bank, and not to himself individually. Moreover, the court charged the jury that "it is conceded that the money for the wheat shipped in car 18,772 belonged to this plaintiff, and was received by the bank." To this instruction no objection was made or exception taken. Upon this state of the record, it must be assumed as a fact that the money for plaintiff's wheat was remitted to and received by the bank, and that the subsequent possession and control of it by the cashier were in his official capacity, and were in law the possession and control of the bank itself.

We quite agree with the contention of defendant's counsel that shipping wheat for third parties is not within the ordinary duties of the cashier of a national bank, and that there is no evidence that in this instance the cashier had any actual or apparent authority from the bank to engage in any such business, and hence that the shipping and selling of the wheat for plaintiff was the individual

act of the cashier, for which the bank would not be liable. But, admitting all this, it is equally true that, if the bank received the proceeds of plaintiff's wheat, it must account to him for the money thus received. The fact that it has, through its cashier, without the fault or procurement of the plaintiff, paid over the money to the wrong party, in no way releases it from this liability.

We find no prejudicial error in any of the rulings of the trial court as to the admission of evidence. Some of the evidence may have been immaterial, but we cannot see how the defendant could have possibly been prejudiced by its admission.

Judgment affirmed.