STATE ex rel. BOARD OF COUNTY COMMISSIONERS OF RAMSEY
COUNTY v. MINNEAPOLIS, ST. PAUL & SAULT STE.
MARIE RAILWAY COMPANY.[1]

June 26, 1903.

Nos. 13,419—(60).

**Railway Crossing—Mandamus.**

In an action to compel the defendant to build an undergrade highway
crossing, it is *held* that it was error to receive in evidence proposals for
the building of such a crossing made by the defendant before the action
was commenced.

Appeal by defendant from a judgment of the district court for
Ramsey county, Kelly, J. Reversed, and new trial granted.

*Alfred H. Bright* and *Munn & Thygeson,* for appellant.

*Thos. R. Kane,* County Attorney, and *O. H. O'Neill,* Assistant
County Attorney, for respondent.

START, C. J.

This is an appeal from the judgment of the district court of the
county of Ramsey adjudging that a peremptory writ of mandamus
issue, directing the defendant to build an underground crossing under
its railway tracks at Vadnais Park, where they cross a county highway
known as Rice Street.

The petition herein alleges, in effect, that the present surface cross-
ing at grade, by reason of the steep grade of the highway, extending
for several hundred feet on each side of the railway crossing, and the
obstruction, by reason of embankments, of the view of travelers ap-
proaching it along the highway, is so dangerous and unsafe for public
travel that an underground crossing is necessary at the point of the
intersection of the highway and the railway tracks. The answer of
the defendant denies these allegations of the petition, and alleges, in
substance, that the crossing is no more dangerous than other grade
crossings of the state, and that the construction of the proposed under-

[1] Reported in 95 N. W. 581.

grade crossing is not necessary, and, further, that the relator on March 31, 1900, made a written demand upon the defendant to repair the surface crossing, and to grade the approaches thereto, in accordance with plans and specifications prepared and submitted by the county surveyor, and the parties hereto practically reached an agreement for so improving the crossing, at an expense of $551.50, which the defendant agreed to pay, but the relator abandoned such plans, for some reason unexplained, not connected with any public necessity, and demanded of the defendant that it should construct an underground crossing, which would entail upon it an expense of from fifteen to twenty thousand dollars; that the plans for improving the grade crossing, approved by the county surveyor, were fairly reasonable, and would make the crossing sufficient and safe; that the defendant is ready and willing to conform to the prior reasonable request of the relator, and make the improvements of the grade crossing according to the plans of the county surveyor, or to pay the price agreed upon between the parties, provided the relator will cause the work to be done.

The trial court found all of the allegations of the petition true, and that the plans for the improvement of the grade crossing, and the grading of the approaches thereto, referred to in the answer, would not, if executed, make the crossing reasonably safe, and, as a conclusion of law, that the writ issue as prayed for. The defendant moved the court to amend its findings of fact so as to find, in effect, that the allegations of the petition are not sustained by the evidence, and that the proposed plans for the improvement of the grade crossing, if executed, would make the crossing reasonably safe, and to amend its conclusions of law accordingly. The motion was denied, and judgment entered awarding the writ.

The defendant assigns as error the rulings of the trial court as to the admission of evidence, its denial of the motion to amend the findings and conclusion of law, and that the findings of fact are not sustained by the evidence. If the original findings are sustained by the evidence, the motion to amend the findings was properly denied; hence the record presents for review only the alleged erroneous rulings as to the admission of evidence, and the sufficiency of the evidence to sustain the findings.

There is no controversy between the parties as to the law governing the construction of streets and highway crossings by railroad companies. Surface railway crossings are legally permissible, and the public authorities are not authorized to order overgrade or undergrade crossings to be constructed simply because they are safer and more convenient than surface crossings. It is only where the danger and inconvenience incident to a particular grade crossing are exceptional, for any reason, that railway companies may be required to construct the street or highway over or under their tracks.

The answer in this case impliedly, if not directly, admits that the surface crossing in question is not a safe one, but alleges that, if the plans proposed by the county surveyor for its improvement were executed, it would then be a reasonably safe and sufficient crossing. If the finding of the trial court that the crossing is not and would not be reasonably safe, even if so reconstructed, is sustained by the evidence, it would follow that the proposed undergrade crossing is a practical necessity. The rulings of the court as to the admission of evidence, which are assigned as error, must be considered with reference to these suggestions. The relator, as a part of its case in chief, offered in evidence certain letters and proposals of the defendant's chief engineer and attorney, for the construction by it of an undergrade crossing, upon certain conditions to be agreed to by the relator. The defendant objected to the admission of this evidence. The court's rulings were to the effect that the evidence had no bearing as a contract, but was admissible as an admission that there was some necessity for some sort of an improvement of the crossing, and as relevant to the question whether or not the crossing was a safe one. The objection was overruled, and evidence received, the defendant excepting to the rulings.

It appears from the record that the proposals for an undergrade crossing were made before any demand was ever made upon the defendant for the construction of an undergrade crossing, and also that they were made for the reason that the defendant's general manager was of the opinion that it would be better to put in such a crossing, and get rid of demands for annual repairs, provided the relator would share the expense of making the change. The conditions of the proposals were not agreed to by the relator. It is quite obvious that the rulings of the court in receiving the evidence were erroneous. The

proposals were made for the purpose of securing by negotiation the building of an undergrade crossing upon such terms as to division of the expenses thereof as the defendant deemed to be equitable, and thereby terminate the friction between the parties as to the crossing. Besides, there was no substantial controversy on the trial as to the necessity for "some sort of improvement" of the crossing to make it safe, which was the ground upon which the evidence was admitted. The real controversy was whether the improvement proposed by the defendant would make the crossing reasonably safe. The evidence falls within the rule that offers of settlement of a controversy are not admissible against the party making them. Melby v. D. M. Osborne & Co., 35 Minn. 387, 29 N. W. 58. It does not appear from the record that the error in admitting the evidence was not prejudicial; hence it was reversible error. Lowry v. Harris, 12 Minn. 166, 255; Farmers' Union Ele. Co. v. Syndicate Ins. Co., 40 Minn. 153, 41 N. W. 547.

It is quite evident that the trial court must have given controlling importance to the incompetent evidence, for the underground crossing which it directed the defendant to build is to be constructed substantially in accordance with its proposals; leaving the relator to do at its own expense the rest of the necessary work to complete the grade of the approaches to the crossing. Again, if the incompetent evidence be eliminated from the record, it is at least doubtful if there would remain evidence sufficient to sustain the findings of fact upon which the judgment must rest.

It follows that it is not necessary to decide the question whether the evidence sustains the findings of fact, and that the judgment must be reversed and a new trial granted for the error indicated. So ordered.

Judgment reversed, and new trial granted.