## D. J. STOAKES v. WILLIAM LARSON and Another.[1]

June 25, 1909.

Nos. 16,046—(82).

**Partnership.**

In an action to charge defendants as partners for money had and re-

[1]Reported in 121 N. W. 1112.

ceived on account of a sale of cattle it is *held* that the evidence justified a finding of partnership between defendants at the time of the transaction involved.

**Same — Harmless Error.**

Reversible error was not made out upon this particular record because the trial court admitted proof of payment of other claims by answering defendant in actions brought by other parties upon the alleged partnership liability.

**Charge to Jury.**

In view of absence of controversy as to amount, if any, to be recovered, there was no reversible error in the charge that plaintiff was entitled to recover the full value of the cattle.

**Partnership Business.**

Under the circumstances, defendant's contention that the transaction was beyond the scope of the partnership was untenable.

Action in the district court for Rock county to recover $258.87 received upon the sale of certain cattle and the sum of $1.75 protest fees. Defendant O'Connor alone appeared and answered, and admitted that plaintiff's cattle sold for $279, and plaintiff's pro rata portion of the expense was $20.13. The case was tried before Cray, J., and a jury which returned a verdict in favor of plaintiff for $270.38. From the judgment entered pursuant to the verdict, defendant O'Connor appealed. Affirmed.

*E. H. Canfield,* for appellant.

*C. H. Christopherson,* for respondent.

JAGGARD, J.

In 1905 defendants Larson and O'Connor, under the firm name of O'Connor & Larson, were engaged as partners for the purpose of buying and shipping live stock in Kenneth and vicinity. This partnership did not prove profitable, was in debt, and dissolved in May, 1906. From that time until December 17, 1906, Larson conducted the business in his own name. On the day last named the bank account was changed from Larson's own name to Larson & Co. At that time, according to plaintiff's theory, Larson and O'Connor again became partners. In June, 1907, Larson, as the answering defendant claimed, or O'Connor and Larson, as plaintiff claimed,

had possession of a few head of cattle, not enough to make a carload. O'Connor added a few head. The plaintiff shipped some cattle in the same car, which were loaded where he lived. Larson went with the car. Before the car left he drew on his brokers through the bank. The amount of that draft was placed to the credit of William Larson & Co. in the same bank where the original firm, and afterwards Larson individually, and finally William Larson & Co., had their accounts. The net amount received for plaintiff's cattle was $258.87. For that amount Larson drew a check on the bank, signed by William Larson & Co., and payable to plaintiff. The payment of the check was refused for want of funds.

Plaintiff brought this action against the defendants, as partners, for money had and received, to recover the said net amount, together with costs of protest. Defendant O'Connor alone appeared and answered. The jury returned a verdict for plaintiff. This appeal was taken from the judgment.

1. The main controverted question of fact was whether the two defendants were partners at the time of the transactions involved in this suit. As defendant's brief very candidly has pointed out, the proof of the partnership consisted of the direct testimony of Larson, the various transactions of the parties and methods of doing business, and the so-called admission of O'Connor contained in the answers. No exceptions were taken to the charge of the trial court with respect to the existence of the partnership. We have examined the record, in connection with defendant's argument, and have concluded that the evidence was sufficient to justify the finding of the jury that the partnership existed so far as plaintiff was concerned. To here state the details of that testimony would serve no useful purpose.

2. The question then arises whether there was error in receiving in evidence certain exhibits, consisting of the pleadings in three separate cases, the complaint alleging the partnership between defendants, and the answer of O'Connor denying it. Before the cases came to trial, O'Connor, on the advice of his counsel and to avoid litigation, paid the claims. The defendant contends that, while a pleading may be admissible for the purpose of showing an admis-

sion or denying a fact (2 Wigmore, Ev. 1066; Rich v. City of Minneapolis, 40 Minn. 82, 41 N. W. 455), it was error to receive the answers denying the partnership. Here, however, not the pleadings, but the fact of payment, was the significant circumstance. Counsel for defendant urges that familiar rule excluding offers of compromise or negotiations looking to a settlement. He continues: "If an offer of compromise of a specific disputed matter is not receivable in evidence, then how is an accepted offer of compromise an admission of liability under some other claim? As to such claim, it does not amount to even as much as an offer." This argument, as applied to this particular record, is not conclusive. The objection to one exhibit, that it was "incompetent, irrelevant, and immaterial," was obviously insufficient. The objections to the other exhibits may have been construed by the trial court as equivalent. The presumptions are in favor of its rulings. A fair construction of the objections to the admission of the pleadings and to proof of the fact of payment leads to the conclusion that the objections, considered as a whole, were legally sufficient. The reason for the payment was explained by answering defendant, whereby this case is differentiated from Adler v. Apt, 31 Minn. 348, 17 N. W. 950. The authorities on the subject are not in harmony. See 1 Enc. Ev. 362, note 16.

We are not prepared to say that error does not appear in this record. The real question is: Was that error unsubstantial and technical, or was it prejudicial? The determination of this question involves a consideration of the record as a whole. We have concluded that affirmance is here necessary, so far as this point is concerned, in view of the testimony as to the existence of the partnership, apart from these exhibits, and especially in view of the testimony as to the benefit the defendant actually derived from the transaction, as will hereinafter be set forth. It is not here decided that the payment of like claims by persons sought to be charged, made to other parties, is or is not proper evidence as an admission from conduct, but that no reversible error appears in this particular record considered as a whole.

3. The action was in form for money had and received. The court instructed the jury that "the plaintiff is entitled to recover in

this action the full value of his cattle as the same is proven by the evidence. * * * Defendant urges that the true measure of recovery was the amount the cattle sold for, less expenses of transportation and sale. Whether the measure of recovery, as stated by the trial court, was wrong in theory, is not here material, for there was no controversy as to the amount plaintiff should recover, if he was entitled to recover at all. The admission of defendant's answer in the very proceeding of the sum in controversy renders the error in the charge of the court, if any, error without prejudice.

4. Finally, defendant contends that, even if at the time of this transaction defendants were partners, the transaction was entirely beyond its scope, and that hence Larson could not bind the firm. "In such a transaction he was not acting for the firm, and he was not the agent of the firm to that extent." This position is not tenable, for many reasons. The charge of the trial court assumed that the transaction was within the scope of the partnership business. No request to charge on the subject was made by defendants. No suggested objection or exception to the charge as given was made. It is not necessary to here decide as a matter of law that the transaction was within the partnership business. Under the circumstances the jury might properly have so found. The transaction was beneficial to the partnership business, and incident to its main business of the firm in shipping live stock. The record, moreover, contains enough to have made it a question of fact for the jury to determine whether or not this particular shipment, made with the knowledge and approval of defendant, was not under an arrangement with him. The consideration which is conclusive is this: The proceeds of plaintiff's stock went into defendant's bank, in the firm name and for the firm benefit. It aided in diminishing an overdraft in the bank, and to make good the remainder of which O'Connor and Larson both had executed a note. It is elementary that, where one has in his hands money which in equity and good conscience belongs and should be paid to another, an action for money had and received will lie for recovery thereof. No privity of contract is necessary to sustain this action, for the law under these circumstances implies a promise to pay. It is of no importance how the money came into his hands, if

the other party is legally entitled to it.   15 Am. & Eng. Enc. (2d Ed.) 1096.   This well-settled rule is the accepted law in this state.

Brand v. Williams, 29 Minn. 238, 13 N. W. 42, may be successfully distinguished, with respect to specific facts, from the case at bar.   The law there laid down, however, necessitates the affirmance of the judgment appealed from.   Landin v. Moorhead Nat. Bank, 74 Minn. 222, 77 N. W. 35, is not to be distinguished, either on law or fact involved.   We have examined and considered the other authorities to which defendant has referred us.   In the view of the case here taken, we have concluded it would serve no useful purpose to discuss them in detail.

Affirmed.