# JOHN QUIRK v. CONSUMERS POWER COMPANY.[1]

November 6, 1914.

Nos. 18,761—(37).

**New trial.**

New trial granted because of conduct of the trial court which it is thought prejudiced defendant.  [Reporter.]

Action in the district court for Ramsey county to recover $50,000 for personal injury received while in the employ of defendant.  The case was tried before Kelly, J., who denied defendant's motions for dismissal of the action and for a directed verdict in its favor, and a jury which returned a verdict of $10,000. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed.  Reversed and new trial granted.

*Briggs, Thygeson & Everall* and *Denegre & McDermott,* for appellant.
*Markham & Calmenson,* for respondent.

PER CURIAM.

Plaintiff recovered a verdict of $10,000.  Defendant appeals from an order denying its motion in the alternative for judgment notwithstanding the verdict or for a new trial.

Plaintiff received serious personal injuries from an electric current, while he was engaged in working in the vicinity of heavily charged wires in the "pent house" of defendant on top of its building on Third street in St. Paul.  Defendant claims that it was not negligent, that plaintiff was, and that he assumed the risk.  These issues were the vital ones on the trial below, and were closely contested.  We think they were for the jury on the evidence presented. We do not make a further statement of the facts or the evidence, or further discuss these issues, beyond the statement that on the record a verdict either way would be sustained if there had been a fair trial.

But there was conduct on the part of the trial court which, considered with the size of the verdict, forces us to the conclusion that in justice to defendant the case should be tried again.  It will do no good to rehearse here the unfortunate episode on the trial which we think prejudiced defendant's case.  Defendant's counsel, apparently through no fault of his own, but through a misunderstanding on the part of the court, was put in a bad light in the eyes of the jury by a trial judge who is well known for his fairness.  What the trial court

[1] Reported in 149 N. W. 193.

afterwards, during the trial and in its charge, said to the jury on the subject was not calculated to remove the sting. The verdict is so large that we think it very probable that the jury was influenced in fixing the damages, if not in determining the question of liability, by the attitude of the trial court.

It was error also to receive evidence of negotiations for a settlement. Other rulings complained of are not likely to be made on another trial and we do not discuss them. We do not approve of the action of the trial court in reading the pleadings to the jury.

Order reversed and new trial granted.