## OLE J. BERG v. JOHN VEIT, JR.[1]

### May 11, 1917.

#### Nos. 20,488—(246).

**Order appealable.**

1. Where an alternative motion for amended findings or for a new trial is made, an order denying both motions is appealable.

**Election contest — burden of proof.**

2. The certificate of the proper canvassing board declaring the result of an election is *prima facie* evidence of such result, and places upon a contestant the burden of showing that the person declared elected did not receive a majority of the legal votes.

**Election — certificate of canvassing board — evidence.**

3. The probative effect of such certificate is not overcome by offering

[1]Reported in 162 N. W. 522.

in evidence a part of the tabulated statement of votes not inconsistent therewith.

### Votes of nonresidents — change of result — best evidence.

4. Where contestant bases his contest upon the fact that votes were cast by nonresidents, it is incumbent upon him to show that enough of such votes were cast for contestee to change the result. He may do this by the best evidence available tending to show for whom such votes were cast.

### Pro rata deduction for illegal votes.

5. Purging an election of illegal votes by deducting a *pro rata* part of them from the votes for each candidate is justifiable only when it is impossible to show for whom they were actually cast.

### Inference from failure to introduce evidence.

6. In the present case evidence was available to show for whom the illegal votes were cast, and contestant having made no attempt to produce it, the inference is that it would not have changed the result.

Ole J. Berg, a qualified elector of the county of Clearwater, gave notice of contest and appeal to the district court for that county from the decision of the county board of canvassers declaring John Veit to be the duly-elected county commissioner at the special election held on November 16, 1916. The appeal was heard by Stanton, J., who made findings and ordered judgment in favor of the contestee. From an order denying his motion for amended and additional findings of fact and conclusions of law or for a new trial, contestant appealed. Affirmed.

*F. A. Grady* and *W. E. Rowe,* for appellant.

*E. E. McDonald,* for respondent.

TAYLOR, C.

At the last election, the contestant and the contestee were opposing candidates for the office of county commissioner from the Second commissioner district of Clearwater county. The contestee was declared elected by the county convassing board and contestant instituted this contest. The district court made findings of fact and conclusions of law and directed judgment confirming the election of the contestee. Contestant made an alternative motion for amended findings or for a new trial, and appealed from an order denying both motions.

Contestee made a motion to dismiss the appeal on the ground that the order is not appealable. Although an order refusing to amend findings is not appealable, an order refusing to grant a new trial is appealable. And where the same order denies both a motion for amended findings and a motion for a new trial, an appeal therefrom, in legal effect, is an appeal from the order denying a new trial. City of Minneapolis v. Minneapolis St. Ry. Co. 115 Minn. 514, 133 N. W. 80. The motion is denied.

The county canvassing board found and certified that contestant had received 109 votes and contestee 113 votes, and declared contestee elected. This established *prima facie* that the contestee had been elected to the office, and placed upon the contestant the burden of showing that he had not. Taylor v. Taylor, 10 Minn. 81 (107) ; Blake v. Hogan, 57 Minn. 45, 58 N. W. 867; Moon v. Harris, 122 Minn. 138, 142 N. W. 12.

The Second commissioner district comprises the organized towns of Itasca, Minerva, Nora and Rice, and six unorganized congressional townships. At the trial neither the ballots nor the election returns from any of the several precincts were offered in evidence. Contestee put in evidence the certificate of the county canvassing board, showing that contestant had received 109 votes and contestee 113 votes, and declaring contestee elected. Contestant put in evidence four lines taken from a tabulation of votes made by the county canvassing board, but offered no other part of such tabulation. The most that can be claimed for this evidence is that the first line offered shows 14 votes for contestant and 65 votes for contestee in the town of Itasca, the second line 34 votes for contestant and one vote for contestee in the town of Minerva, the third line 41 votes for contestant and 19 votes for contestee in the town of Nora, and the fourth line 17 votes for contestant and 19 votes for contestee in the town of Rice, making a total of 106 votes for contestant and 104 votes for contestee in these four organized towns. Contestant also proved that 20 votes were cast in the town of Itasca by persons who were not residents of that town. He made no attempt to prove anything further, but rests his contest upon these two facts.

Contestant contends that the probative force of the certificate made by the canvassing board is nullified by the fact that the above extracts from the tabulated statement show 106 votes for him and 104 votes for con-

testee. Both may be true. Conceding that these statements give the vote in the organized towns correctly, they contain nothing concerning the unorganized townships included within the commissioner district. In the absence of any evidence to the contrary, we must assume, in support of the certificate, that the additional three votes for contestant and nine votes for contestee were cast in the unorganized territory,— especially so as votes appear to have been cast therein at prior elections.

Contestant contends that the election should be awarded to him, for the reason that 20 votes cast in the town of Itasca were cast by persons who were not residents of that town and consequently were illegal. But the burden was upon contestant to show that purging the election of these illegal votes would change the result declared by the canvassing board. He made no attempt whatever to do so. If it had appeared that these nonresidents voted in consequence of anything done by or for the contestee, we might infer that he was the one who profited by it, but no claim is made that he was in any way responsible for the casting of these votes or had any knowledge of it. Contestant insists that, as there is no evidence tending to show for whom the illegal votes were cast, they should be deducted *pro rata* from the votes counted for each in that town, and that this would reduce contestee's vote by 16 and his own vote by four and give him a majority of eight in the district. This method is adopted under some circumstances, but is justifiable only when it appears that the true fact cannot be ascertained. The burden rests upon a contestant to show affirmatively that the one declared elected by the canvassing board did not receive a majority of the legal votes. Where a contestant bases his contest upon the fact that illegal votes were cast, it is incumbent upon him to show that enough of such votes were cast for the contestee to change the result. He is not in position to ask the court to adopt the *pro rata* rule above mentioned, unless he is unable to show for whom the illegal votes were cast, and has established that fact to the satisfaction of the court. Napier v. Cornett (Ky.) 68 S. W. 1076; Briggs v. Ghrist, 28 S. D. 562, 134 N. W. 321; Tazwell v. Davis, 64 Ore. 325, 130 Pac. 400; McCrary, Elections (4th ed.) p. 366, § 497, et seq. In the present case contestant made no attempt to show for whom the illegal votes were cast, nor to show that he was unable to do so. On the contrary it appeared from contestant's own witnesses

that the necessary proof was available. The names of all the nonresidents who voted were proven at the trial, and the court found as a fact that 16 of them were residents of the county and could easily have been produced as witnesses. Where contestant fails to produce evidence under such circumstances the inference is not in his favor. McCrary, Elections (4th ed.) p. 366, § 497, et seq. Contestant suggests that the illegal voters could refuse to testify, on the ground that such testimony would tend to incriminate them. But this is a privilege personal to the witness and is waived unless claimed by him. Contestant could not invoke this privilege nor assume that the witnesses would invoke it even if they were in position to do so. Hanson v. Village of Adrian, 126 Minn. 298, 148 N. W. 276; People v. Turpin, 49 Colo. 234, 112 Pac. 539, Ann. Cas. 1912A, 724, and cases cited in note appended thereto. This is especially true in the present case, where it appears that most of the nonresident voters were residents of an adjoining unorganized township in the same commissioner district, and had been accustomed to vote in this precinct, and both they and the election officers had acted in the belief that they had the right to do so. Moreover, contestant was not limited to the testimony of the voter himself, but could have presented the best available evidence which tended to show for whom the voter probably voted. White v. Slama, 89 Neb. 65, 130 N. W. 978, Ann. Cas. 1912C, 518, and note. Under the undisputed facts the conclusion reached by the trial court was correct, and its order is affirmed.