MATILDA COCHRANE, an Infant, by CHARLES COCHRANE, Her Guardian ad Litem, Respondent, *v.* JOSEPH J. FAHEY, JR., and Another, Appellants.

Fourth Department, May 28, 1935.

*Fred Van Aernam* [*Clayton M. Smith* of counsel], for the appellants.

*Frank A. Pfalzer* [*Frank G. Raichle* and *Arthur J. Block* of counsel], for the respondent.

PER CURIAM. That defendants were guilty of negligence is not proved by such an overwhelming weight of evidence that we can overlook the prejudice that might have been caused in the minds of the jury by plaintiff's counsel asking three of defendants' witnesses, who were riding in the same car with plaintiff, if they had not settled their causes of action for injuries growing out of the same accident which is the basis of plaintiff's action. Only one was permitted to state the amount he received in settlement but the other two

stated that they had settled. To be sure, the trial court instructed the jury that this evidence was to be considered only as bearing on the credibility of the witnesses, but we think that the value of the evidence as bearing on the credibility of the witnesses is far outweighed by the harm that is done by the indirect but persuasive showing that the defendants have admitted liability. It is difficult to see why the evidence should not be condemned just as much, and for the same reason, as evidence showing that defendants offered to settle with plaintiff herself, for a small sum, to buy their peace.

All concur, except SEARS, P. J., and THOMPSON, J., who dissent and vote for affirmance. (See *Keet* v. *Murrin*, 260 N. Y. 586.) Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

Judgment and order reversed on the law and new trial granted, with costs to the appellants to abide the event.