[1] Reported in 2 N.W.2d 433.
The town of Ripley brought this action to determine the poor relief settlement of the Cegon family, then living on a freehold in that town, and to remove them to Minneapolis. The court found that they were paupers, that Minneapolis was their legal settlement, and ordered their removal. The decision was based on Mason St. 1940 Supp. §§ 3161-1 and 3161-2, which authorizes the district court to decide disputes between political units of the state as to the place of settlement of poor persons and to order their removal to the place of such settlement, or that they be supported where they may be at the expense of the unit where the settlement is fixed.
The parties stipulated to the facts found by the trial judge. The pertinent facts so found are that the Cegons are a family of four; that they settled in Minneapolis in 1929, obtained legal settlement there and never lost it; that in July 1939 they moved to the town of Ripley, bought two acres for $100, built a small dwelling, and there resided; that the father applied for relief from the town of Ripley on December 17, 1940, but his application was denied, and this action followed. The court concluded that the Cegons were paupers, legally settled in Minneapolis, and ordered them sent there 30 days after the entry of judgment unless in the meantime Minneapolis would support them where they are.
Minneapolis contends that (1) a pauper cannot be removed from his freehold and (2) that, as the family never received relief from Ripley, the court was not justified in ordering removal. The second contention merits no discussion. *Page 77 
Counsel for Minneapolis frankly and commendably admit that the Cegon settlement for poor relief purposes is in Minneapolis, and they say that Minneapolis prefers to support them where they are because it can be done more economically.
The difficulty with the contention that the paupers cannot be removed from their freehold is that the record is silent as to whether they are willing to be removed. As we regard the situation, they are the only parties who can raise the question. They are not parties to this action, and when the father was on the witness stand he was not asked whether he objected to removal. He may be perfectly willing to go, in which case no question, constitutional or otherwise, would or could be presented to the courts as to the power of removal. When such a situation as this is presented to the district court, it would be well for the court to inquire of the pauper if he objects to removal. If he does, appropriate measures should be taken to present the issue. The record in the case does not present it. The Vermont cases (Town of Londonderry v. Town of Acton, 3 Vt. 122; Town of Dummerston v. Town of Newfane, 37 Vt. 9; Town of Peacham v. Town of Waterford, 46 Vt. 154) are cited to support the view that the municipality may raise the question; but we are of the opinion that no matter how sacred the right to remain on the freehold may be, the question must be raised by the pauper affected. Under our practice that would be a simple matter. One question to the pauper would reveal his attitude.
In the case at bar the court's order of removal is conditioned on the failure of Minneapolis to support the paupers where they are. From counsel's statement in court, that is what the city wants to do. Upon the admissions of counsel, there is no question presented to us on this record.
Order affirmed. *Page 78