## ALYS ESSER v. L. E. BROPHEY, JR.[1]

March 13, 1942.

No. 33,098.

*Streissguth & Gislason,* for appellant.
*Kelly & Mangan,* for respondent.

PETERSON, JUSTICE.

This is an action to recover for personal injuries and property damage sustained as the result of an automobile collision on the afternoon of November 19, 1939, on Wayzata Boulevard in Minneapolis. At and near the place of the accident the boulevard has a roadway 34 feet wide paved with brick. Although there were no lines marked on the pavement, it was wide enough for three lanes of traffic. Immediately prior to and at the time of the accident, the two northerly lanes were being used for westbound and the southerly one for eastbound traffic. The northernmost lane was used by "slow" and the middle lane by faster moving traffic.

Plaintiff was traveling easterly in the southernmost lane on her right side of the road at about 15 to 20 miles per hour. Defend-

[1]Reported in 3 N. W. (2d) 3.

ant and one Hambly were traveling westerly in their automobiles, the former in the middle and the latter in the northernmost lane. Suddenly defendant's automobile turned into the southernmost lane about three or four car lengths ahead and in front of plaintiff, who was unable to avoid a collision. No claim was made at the trial that she was at fault.

Defendant attributed the collision solely to the negligence of Hambly. His claim was that Hambly, in violation of the law of the road, passed on his right and cut in short ahead of him in such a way that either the left rear bumper or fender of the Hambly car hooked into his right front fender or bumper and pulled his car into the path of plaintiff's oncoming car to cause the collision.

Hambly was called as a rebuttal witness by plaintiff and testified that he passed defendant on defendant's right; that after he had passed he gave defendant a signal that he was going to turn into the middle lane; that defendant collided with the rear of his car because he ignored the signal; and that the collision caused defendant's car to swerve over to the south side of the road. According to the witness's testimony, the accident was caused solely by defendant's negligence in running into his car after he had passed him and turned into the middle lane in front of him.

The testimony made it a fact issue whether the accident was caused by the sole negligence of defendant or Hambly or by the concurrent negligence of both.

On cross-examination of Hambly, defendant inquired whether or not he had paid defendant for the damage to his car. Plaintiff objected to the inquiry upon the ground that it was not material for the reason that the payment was made as a "compromise." The testimony, taken over plaintiff's objection, showed that defendant sued the witness in the conciliation court of Minneapolis for either $72 or $73 for the damage done to his car by the collision; that on the advice of counsel Hambly paid defendant $50 in settlement and obtained a release; and that the expense of defending the action was a factor inducing him to settle.

There was a verdict for defendant, and plaintiff appealed. Plaintiff urges that the court erred in permitting defendant to elicit the facts concerning Hambly's settlement with defendant and to argue to the jury that the settlement was an admission by the witness that his negligence was the cause of the collision.

The question for decision is whether a party to an action arising out of an automobile collision may show that he sued a witness for his adversary on a cause of action arising out of the same collision and that the witness settled the action by payment of a stipulated sum of money less than that sued for.

We have held in numerous cases that an unaccepted offer to compromise was inadmissible in a subsequent action against the party making it. Quirk v. Consumers Power Co. 127 Minn. 526, 149 N. W. 193; State ex rel. Bd. of Co. Commrs. v. M. St. P. & S. S. M. Ry. Co. 90 Minn. 88, 95 N. W. 581. We said that "the law favors the settlement of disputed claims without litigation, and to encourage such settlements will not permit either party to use offers of settlement made by the other as evidence of an admission of liability." Bartels v. Schwake, 153 Minn. 251, 252, 190 N. W. 178, 179. In Stoakes v. Larson, 108 Minn. 234, 121 N. W. 1112, we expressly left open the question of whether or not the payment of like claims by persons sought to be charged, made to other parties, is proper evidence as an admission from conduct. In the Larson case the payment was made by a party, not by a witness.

The exclusion of a compromise or an offer of compromise is put on one of three grounds, viz., privilege, contract, or relevancy. 4 Wigmore, Evidence (3 ed.) § 1061; 34 Mich. L. Rev. 524. The theory of privilege is that the compromise negotiations are privileged communications like those between attorney and client, physician and patient, etc. The exclusion could not be sustained in the instant case on that ground because the communications were between the defendant and the witness. The privilege, if any, belonged to them as the parties to the compromise. Neither of them asserted the privilege. On the contrary, defendant disre-

garded and waived the alleged privilege by insisting on eliciting testimony concerning the settlement. Plaintiff is not entitled to assert the privilege. Privilege is personal to those to whom it belongs and is waived unless asserted by them. A party may not invoke the privilege of his witness, much less that of his adversary. Berg v. Veit, 136 Minn. 443, 447, 162 N. W. 522. This is but an application of the rule that a party may assert his own rights, but not those of others. In re Settlement of Cegon, 212 Minn. 75, 2 N. W. (2d) 433; Schultz v. Krosch, 204 Minn. 585, 284 N. W. 782. The contract theory rests upon the basis of contract, express or implied, that the negotiations are "without prejudice." Assuming that parties may so stipulate, plaintiff is not entitled to claim the benefit of any contract between the witness and defendant relating to the privilege, since plaintiff was not a party to the contract and the contract was not made for her benefit. See Bankers Nat. Bank v. Royal Ind. Co. 181 Minn. 132, 231 N. W. 798.

Since the exclusion of the compromise cannot be justified on the grounds of either privilege or contract, determination of the question must depend on that of relevancy. By the test of relevancy, the admissibility of a compromise is made to depend on its tendency to prove an admission by conduct.

"The true reason for excluding an offer of compromise is that it *does not* ordinarily proceed from and *imply a specific belief that the adversary's claim is well founded,* but rather a belief that the further prosecution of that claim, whether well founded or not, would in any event cause such annoyance as is preferably avoided by the payment of the sum offered. In short, the offer implies merely a desire for peace, not a concession of wrong done." 4 Wigmore, Evidence, § 1061(c), p. 28.

The weight of authority supports this view. West v. Smith, 101 U. S. 263, 25 L. ed. 809; Hawthorne v. Eckerson Co. (2 Cir.) 77 F. (2d) 844; Outlook Hotel Co. v. St. John (3 Cir.) 287 F. 115; Hanks v. Yellow Cab & Baggage Co. 112 Kan. 92, 209 P. 977;

Powers' Admr. v. Wiley, 241 Ky. 645, 44 S. W. (2d) 591; Pentz v. Pennsylvania F. Ins. Co. 92 Md. 444, 48 A. 139; Ross v. Fishstine, 277 Mass. 87, 177 N. E. 811; Masterson v. Berlin St. Ry. 83 N. H. 190, 139 A. 753. In Insurance Companies v. Weides, 14 Wall. (U. S.) 375, 381, 20 L. ed. 894, on error to the circuit court for the district of Minnesota, the court said: "A compromise proposed or accepted is not evidence of an admission of the amount of the debt."

Some texts cite Lord Mansfield's illustration that where a defendant is sued for 100 pounds and offers 20 pounds in compromise "without prejudice," the offer of compromise is irrelevant because it neither admits nor ascertains the debt and amounts to no more than saying that the defendant would pay the amount of the offer to be rid of the action. 1 Taylor, Evidence (12 ed.) § 795; 1 Greenleaf, Evidence (16 ed.) § 192. In Tennant v. Hamilton, 7 Cl. & F. 122, 133, 7 Reprint, 1012, the court said that "money paid upon a complaint made, paid merely to purchase peace, is no proof that the demand is well founded." In Wayman v. Hilliard, 7 Bing, 101, 131 Reprint, 39, Bosanquet, J. said that there is no acknowledgment of the adversary's claim in an offer to compromise.

Where, however, an admission of liability is made, it is admissible, although it is embraced in an offer of compromise. A common illustration is one where liability is admitted and the dispute relates to the amount due, as in Person v. Bowe, 79 Minn. 238, 82 N. W. 480. Where there is no compromise, but a payment of a claim asserted, the payment permits an inference of admission of liability because "it is the simple case of a claim made, and a yielding to it." Grimes v. Keene, 52 N. H. 330, 334. See Bernasconi v. Bassi, 261 Mass. 26, 158 N. E. 341.

Admissibility depends on whether an offer or payment was intended as an admission of liability or an effort to settle a dispute. "As his [the party making the offer of compromise] object could not be a matter of law, and he knows what it was, he may testify directly on that point." Colburn v. Groton, 66 N. H. 151, 157,

28 A. 95, 98, 22 L. R. A. 763. In this respect plaintiff was unduly restricted below on the redirect examination of the witness to show the facts concerning the settlement. Where, as here, there was no admission, but a compromise and settlement of a disputed claim, an inference of admission of liability is not permissible. The rulings below permitted defendant to show a compromise and settlement to get rid of a lawsuit, and that only. That fact was irrelevant because it implied no admission of liability on the part of the witness.

Defendant relies on Pym v. Pym, 118 Wis. 662, 671, 96 N. W. 429, 432, but that case involved admissions made in the course of a compromise and does not support his view. The court said:

"But such settlement was not an admission on the part of the son that the facts alleged in his father's verified complaint were true. The extent of the son's admission was necessarily measured by what he said and did under the circumstances."

We have examined other cases cited by defendant and find that they are not in point. Some of them involve situations where a party was permitted to impeach a witness by showing that after a compromise and settlement between his adversary and the witness of a claim arising out of the same accident the witness gave testimony favorable to such adversary inconsistent with the claim asserted. Missouri Pac. Transp. Co. v. Norwood, 192 Ark. 170, 90 S. W. (2d) 480; Lanasa v. Beggs, 159 Md. 311, 151 A. 21; Keet v. Murrin, 260 N. Y. 586, 184 N. E. 104. Such testimony is received not to establish an inference of liability, but to show bias of the witness in favor of the party calling him. The testimony relates entirely to the credibility of the witness. 3 Wigmore, Evidence (3 ed.) § 949, note 6, citing Keet v. Murrin, *supra*. So far from sustaining defendant's contention that a settlement of a claim with the witness by the party calling him may be shown as an admission of liability, the case of St. L. S. F. & T. Ry. Co. v. Knowles, 44 Tex. Civ. App. 172, 99 S. W. 867, holds such a settlement should be considered not as an admission of liability, but

only as affecting the credibility of the witness, and that a cautionary instruction to that effect is proper. Subsequent to the decision in Keet v. Murrin, *supra*, it was held in Cochrane v. Fahey, 245 App. Div. 41, 280 N. Y. S. 622, that a compromise and settlement was not admissible to establish an admission of liability.

Of course it always is permissible to show the bias of a witness as affecting his credibility by such circumstances as family relationship, association, employment, and other facts showing a disposition to give testimony favorable to the party calling him, although such matters may not have independent relevancy. State v. Elijah, 206 Minn. 619, 289 N. W. 575.

We should, if we could, affirm on the ground that it was proper to prove the suit and settlement to show bias of the witness. A witness may be discredited by showing his hostility to the party against whom he testified. Where hostility is denied, it may be proved by acts and declarations showing animosity, but not by showing that the witness had been sued by the party seeking to discredit him and that he had settled the lawsuit. Gibbon Farmers Elev. Co. v. Herschmann, 160 Minn. 326, 200 N. W. 293.

The compromise and settlement between the witness and defendant was not admissible to impeach the witness because it was not relevant to show either an admission of liability or the witness's hostility to defendant.

In the Herschmann case error in receiving testimony concerning the suit and settlement was held to be harmless. But we cannot so hold here. The testimony relating to the suit and settlement in the cited case was received simply to show bias arising from hostility. Here, it was received to show that the witness, not defendant, was solely responsible for the accident. The rule is well established that in cases like the instant one such evidence is inherently prejudicial notwithstanding an instruction (absent here) limiting its purpose and effect. Georgia Ry. & Elec. Co. v. Wallace & Co. 122 Ga. 547, 50 S. E. 478; Cochrane v. Fahey, 245 App. Div. 41, 280 N. Y. S. 622, *supra.* In the Wallace case, Mr. Justice Lamar, later of the Supreme Court of the United States, in stating

the generally accepted judicial view concerning such evidence, said (122 Ga. 551, 50 S. E. 480):

"Nor was the error in the admission of the evidence of the witness cured by instructing them that the evidence as to the settlement could only be considered for the purposes of impeachment. The rule against allowing evidence of compromises is founded upon recognition of the fact that such testimony is inherently harmful, for the jury will draw conclusions therefrom in spite of anything said by the parties at the time of discussing the compromise, and in spite of anything which may be said by the judge in instructing them as to the weight to be given such evidence."

Argument based on the irrelevant testimony was objectionable, but requires no further comment here.

There must be a new trial because of prejudicial error.

Reversed and new trial granted.