EUGENE BRAVO, APPELLANT, V. STANLEY P. LACZ, APPELLEE.

183 N. W. 2d 924

Filed February 19, 1971.    No. 37567

Tesar, Reefe & Meazell, for appellant.

D. Nick Caporale and John R. Timmermier of Schmid, Ford, Snow & Mooney, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SMITH, J.

Plaintiff appeals after an adverse jury verdict on his pedestrian-automobile accident claim. He asserts instructional error and unfair restriction of his right of cross-examination.

The accident occurred at or near the intersection of 18th Street and Missouri Avenue, Omaha, on December 22, 1964, at 6 p.m. While plaintiff was walking southward across Missouri Avenue, an automobile operated by Marilyn Covalciuc approaching from the west slowed or stopped for him. An automobile driven by defendant was following the other automobile. The two collided. Defendant's automobile continued forward and struck plaintiff.

The court did not instruct on an ordinance requirement of a horn signal. Absence of a horn signal under the circumstances was not evidence of negligence. There was no error.

The court had ruled that it would exclude certain cross-examination of Marilyn Covalciuc, a witness for defend-

ant. Plaintiff sought only to prove that she had made a claim against defendant for damage sustained in the accident and that defendant had paid the claim. Plaintiff ostensibly was seeking to prove bias. Similar evidence has been held admissible. See Merk v. St. Louis Public Service Co. (Mo., 1957), 299 S. W. 2d 446. It may suggest bias, but without other circumstances, the policy against inquiry into compromise and settlement of a disputed claim controls. In an automobile accident case it is not ordinarily prejudicial error for the court to exclude cross-examination of a witness for defendant to prove these facts: The witness made a claim against defendant for damage sustained in the accident, and defendant paid the claim. See, Shanowat v. Checker Taxi Co., Inc., 48 Ill. App. 2d 81, 198 N. E. 2d 573 (1964); Esser v. Brophey, 212 Minn. 194, 3 N. W. 2d 3 (1942); Rynar v. Lincoln Transit Co., Inc., 129 N. J. Law 525, 30 A. 2d 406 (1943).

The judgment is affirmed.

AFFIRMED.