Robert R. KEARIN, contestant,
Respondent,

v.

T. Robert ROACH, contestee, Appellant.

No. C2-85-1220.

Court of Appeals of Minnesota.

Feb. 18, 1986.

Review Denied April 18, 1986.

Robert R. Kearin, pro se.

Robert A. Nicklaus, Chaska, for appellant.

Heard, considered and decided by WOZNIAK, P.J., FORSBERG and NIERENGARTEN, JJ.

## OPINION

NIERENGARTEN, Judge.

Appellant appeals from a decision of the trial court setting aside two votes illegally cast and declaring respondent the winner in a township supervisor election. We affirm.

## FACTS

An election for Supervisor of Spring Lake Township was held on March 12, 1985 with contestant Kearin and incumbent Roach as the candidates. Roach received 165 votes and Kearin received 164 votes. The election judges canvassed the ballots a second time, confirming the results.

On March 19, 1985, Kearin wrote the Clerk of Spring Lake Township and requested a recount. The recount on March 25, 1985 confirmed the same vote totals.

On April 1, 1985, Kearin served and filed a notice of election contest basing his challenge on the eligibility of two votes. Roach filed his answer challenging the validity of one ballot counted for Kearin and moved for a dismissal of the petition on the grounds that the petition had not been filed on time.

At trial, Kearin attempted to show that Roach's two daughters, Joan and Margaret Roach, were ineligible to vote in Spring Lake Township, because that they were not "residents". Since both daughters were under indictment for voting violations in the March 12, 1985 election, they refused to testify, citing the protection of the Fifth Amendment to the U.S. Constitution. The trial court deducted their two votes and declared Kearin the winner.

## ISSUES

1. Is the statutory seven day period for contest of elections tolled if a recount is requested?

2. Did the trial court err in its determination that the votes cast by the two ineligible voters should be set aside and contestant declared the winner?

## ANALYSIS

Roach argues that Kearin's right to contest the election within the seven day period allowed by Minn.Stat. § 209.02 was not tolled by his request for a recount a week after the votes were first counted.

The time for filing a notice of election contest is governed by Minn.Stat. § 209.02, subd. 3 which provides in part:

> The notice of contest shall be filed within seven days after the canvass is completed, except that if the contest relates to a primary, the time for filing the notice of contest shall be limited to five days.

Minn.Stat. § 209.02, subd. 3 (1984).

Since the right to contest an election is purely statutory, the district court may not acquire jurisdiction unless the provisions of the statute relating to filing and serving of the notice are strictly followed. *In re O'Loughlin v. Otis*, 276 N.W.2d 38, 40 (Minn.1979); *In re Schmitt v. McLaughlin*, 275 N.W.2d 587, 590 (Minn.1979).

Although Kearin did request a recount of the election results within the seven day period, he did not file a notice of election contest until April 1, more than two weeks after the election judges canvassed the ballots. Kearin claims his request for a recount extends the time period for filing his notice of contest an additional seven days after certification of the recount results are final pursuant to Minn.Stat. § 204C.36. Minn.Stat. § 204C.36 provides in part:

Time for notice of contest of a nomination or election to a county office which is recounted pursuant to this section shall begin to run upon certification of the results of the recount by the canvassing board. Time for notice of contest of a nomination or election to a municipal office which is recounted pursuant to this section shall begin to run upon certification of the results by the governing body of the municipality.

Minn.Stat. § 204C.36 (1984).

█ A request for a recount tolls the seven day period of Minn.Stat. § 209.02 until certification of the recount results are completed pursuant to Minn.Stat. § 204C.36. Kearin's notice of contest filed seven days after certification of the recount on March 25, 1985 was made within the requisite statutory period. Thus, the jurisdiction of the district court was properly invoked.

2. Roach argues that Kearin failed to produce evidence sufficient to indicate for whom the two votes were cast. Thus, the trial court's determination that both votes be set aside and Kearin declared the winner was clearly erroneous.

The findings of the trial court in an election contest are binding on appeal if reasonably sustained by the evidence and will not be set aside unless clearly erroneous on the record as a whole. *See Bell v. Gannaway,* 303 Minn. 346, 350, 227 N.W.2d 797, 801 (1975).

█ The certificate of the proper canvassing board declaring the result of an election is prima facie evidence of the result and places on a contestant the burden of showing that the person declared elected did not receive a majority of the legal votes. *Berg v. Veit,* 136 Minn. 443, 445, 162 N.W. 522, 522 (1917). Where the contestant bases his contest on the fact that votes were cast by nonresidents, it is incumbent upon him to show that enough of those votes were cast for the contestee to change the result. *Id.* at 446, 162 N.W. at 523.

Although for obvious reasons arising from the inviolable secrecy of the ballot,

direct evidence as to how contested votes were cast is not allowed, circumstantial evidence is sufficient to sustain a contestant's burden of proof if it has the requisite degree of persuasion. *In re Mathison v. Meyer,* 159 Minn. 438, 440, 199 N.W. 173, 173 (1924). A voter's affiliations and pre-election activities are ordinarily a reliable indication of how his vote was cast, and a trial court's finding based on this kind of evidence will not be disturbed in the absence of better proof. *Id.* In *Mathison,* the Minnesota Supreme Court upheld the trial court's decision to subtract eight votes from the winner's total, concluding that there was sufficient evidence in the record to sustain a finding that the voters were not eligible to vote in the district. *Id.* at 439, 199 N.W. at 173.

█ Margaret and Joan Roach are both daughters of incumbent Roach. Their voting history indicates regular voting up through the township election in March of 1982, at which time Roach was elected to his first three year term. They did not vote again in the township until the March, 1985 election when Roach was up for re-election. Margaret and Joan Roach live together at an apartment complex in Burnsville under a lease agreement in effect continuously since July of 1982. Joan Roach's driver's license lists the Burnsville address as her legal residence. Finally, both daughters were indicted and later pleaded guilty for violation of the residency requirements when voting at the March 12, 1985 township election. These facts, in their totality, were sufficient to support the findings of the trial court.

## DECISION

The trial court's finding subtracting two votes from contestee's total and declaring contestant the winner was supported by the evidence.

Affirmed.