Joane M. CHRISTIANSON,
petitioner, Respondent,

v.

Travis HENKE, Respondent,

Claire Holewa, Appellant.

No. A11–1319.

Court of Appeals of Minnesota.

March 19, 2012.

Virginia A. Marso, Marso Law Office, Waite Park, MN, for respondent Christianson.

Travis Henke, Foreston, MN, pro se respondent.

Robert A. Manson, Robert A. Manson, P.A., White Bear Lake, MN, for appellant.

Considered and decided by CONNOLLY, Presiding Judge; WORKE, Judge; and STAUBER, Judge.

## OPINION

STAUBER, Judge.

On appeal from an order granting respondent-grandmother visitation with her grandchild, appellant-mother argues that the district court lacked subject-matter jurisdiction under Minn.Stat. § 257C.08, subd. 2, to grant grandparent visitation because the recognition of parentage signed by the child's parents does not constitute a proceeding for parentage for purposes of asserting grandparent visitation under section 257C.08, subdivision 2. We affirm.

## FACTS

On August 2, 2007, T.L.H. was born to appellant Claire Holewa. On that date, appellant and respondent Travis Henke executed a recognition of parentage (ROP) form, acknowledging that they are the parents of T.L.H. Benton County subsequently brought a child-support action under what is now Minn.Stat. § 256.87 (2010), and the district court issued an order in June 2009 establishing Henke's child-support obligation.

At about the time of the child's birth, Henke and appellant began living next to respondent Joane Christianson and her husband, Craig Christianson (Craig). Respondent is the child's paternal grandmother and Craig is the child's paternal step-grandfather. Since his birth, respondent and Craig have spent a significant amount of time with T.L.H. But in November 2010, an incident occurred between the child's parents and the Christiansons, which prompted the parents to prohibit the Christiansons from having contact with T.L.H. Shortly thereafter, the Christiansons brought an action for grandparent visitation under Minn.Stat. § 257C.08, subd. 2. Craig was later dismissed from the action because he is not a blood-related grandparent.

On March 8, 2011, the district court granted respondent visitation with T.L.H. Appellant subsequently filed a motion to vacate the order on the basis that the district court did not have subject-matter jurisdiction to award respondent visitation with T.L.H. The district court denied appellant's motion, finding that "a validly executed ROP establishes a sufficient basis upon which a request for grandparent visitation may be asserted under Minn.Stat. § 257C.08, subd. 2." The district court also found that its decision is supported by the legislative intent behind the ROP statute and Minn.Stat. § 257C.08, subd. 2. Thus, the court concluded that it did have subject-matter jurisdiction to award respondent visitation with T.L.H. This appeal follows.

## ISSUE

Did the district court err by concluding that it had subject-matter jurisdiction under Minn.Stat. § 257C.08, subd. 2, to grant respondent visitation with T.L.H.?

## ANALYSIS

Appellant challenges the district court's subject-matter jurisdiction to award respondent-grandmother visitation with T.L.H. under Minn.Stat. § 257C.08, subd. 2. "Subject-matter jurisdiction is the court's authority to hear the type of dispute at issue and to grant the type of relief sought." *Seehus v. Bor–Son Constr., Inc.,* 783 N.W.2d 144, 147 (Minn.2010). "The existence of subject-matter jurisdiction and a determination of the meaning of statutes addressing subject-matter jurisdiction present legal questions, which this court reviews de novo." *Wareham v. Wareham,* 791 N.W.2d 562, 564 (Minn. App.2010).

"When interpreting a statute, we first look to see whether the statute's language, on its face, is clear or ambiguous. A statute is only ambiguous when the language therein is subject to more than one reasonable interpretation." *Am. Family Ins. Grp. v. Schroedl,* 616 N.W.2d 273, 277 (Minn.2000) (quotation and citation omitted). "A statute should be interpreted, whenever possible, to give effect to all of its provisions; 'no word, phrase, or sentence should be deemed superfluous, void, or insignificant.'" *Id.* (quoting *Amaral v. St. Cloud Hosp.,* 598 N.W.2d 379, 384 (Minn.1999)). And "[w]e are to read and construe a statute as a whole and must interpret each section in light of the surrounding sections to avoid conflicting interpretations." *Id.*

Respondent moved for an award of visitation with T.L.H. under Minn.Stat. § 257C.08, subd. 2. This statute provides:

In all proceedings for dissolution, custody, legal separation, annulment, or parentage, after the commencement of the proceeding, or at any time after the completion of the proceedings, and continuing during the minority of the child, the court may, upon request of the par-

ent or grandparent of a party, *grant reasonable visitation* rights to the unmarried minor child, after dissolution of marriage, legal separation, annulment, or *determination of parentage* during minority if it finds that: (1) visitation rights would be in the best interests of the child; and (2) such visitation would not interfere with the parent-child relationship.

Minn.Stat. § 257C.08, subd. 2(a) (emphasis added).

Appellant argues that there was no proceeding in this case for dissolution, custody, legal separation, annulment, or parentage. Appellant contends that although there was a proceeding to establish child support, a child-support proceeding does not provide a court with subject-matter jurisdiction to award grandparent visitation under section 257C.08, subdivision 2. Thus, appellant argues that the district court erred by concluding that it had subject-matter jurisdiction to grant respondent grandparent visitation with her grandchild.

Respondent does not dispute appellant's claim that the proceeding to establish child support does not provide the district court with subject-matter jurisdiction to award grandparent visitation under Minn.Stat. § 257C.08, subd. 2. Instead, respondent argues, and the district court ruled, that the ROP signed by appellant and Henke constitutes a proceeding for parentage for purposes of Minn.Stat. § 257C.08, subd. 2. Therefore, respondent claims that the district court correctly concluded that it had subject-matter jurisdiction.

The ROP statute is a vehicle for unmarried parents to establish parentage of their child without litigating the issue. Minn.Stat. § 257.75. Specifically, the statute provides:

> The mother and father of a child born to a mother who was not married to the child's father nor to any other man when the child was conceived nor when the child was born may, in writing signed by both of them before a notary public and filed with the state registrar of vital statistics, state and acknowledge under oath that they are the biological parents of the child and wished to be recognized as the biological parents.

Minn.Stat. § 257.75, subd. 1. A ROP "has the force and effect of a judgment or order determining the existence of the parent and child relationship." *Id.*, subd. 3.

Appellant argues that because a ROP merely involves the signing of a document and does not involve litigation, a ROP does not rise to the level of a "proceeding" as contemplated by section 257C.08, subdivision 2. We disagree. A "proceeding" is defined as "[a]ny procedural means for seeking redress from a tribunal or agency." *Black's Law Dictionary* 1324 (9th ed.2009). A ROP fits this general definition by providing a procedural method of establishing parentage; the fact that this method does not involve litigation is of no consequence. Under the statute, the parents of a child may sign a document recognizing the parentage of the child. Minn.Stat. § 257.75, subd. 1. After a ROP is signed, Minn.Stat. § 257.75, subd. 3, provides that the ROP has the "force and effect of a judgment." Moreover, Minn. Stat. § 257.75, subd. 3, further provides that once a ROP "has been properly executed and filed with the state registrar of vital statistics ... a judicial or administrative court may not allow further action to determine parentage regarding the signator of the recognition." In other words, the ROP has the effect of a final judgment establishing parentage. "A final order has been defined as one that ends a *proceeding* so far as the court making it is concerned." *Johnson Motor Co. v. N. Life Ins. Co.*, 352 N.W.2d 114, 115 (Minn.App.1984) (empha-

sis added) (quotation omitted), *review denied* (Minn. Oct. 11, 1984). In this context, we see no reason to distinguish a final judgment from a final order. Therefore, we conclude that under the plain language of the applicable statutes, a ROP is a "proceeding" for "parentage" for purposes of asserting a claim for grandparent visitation under section 257C.08, subdivision 2(a).

We also note that appellant's argument seeks to encourage litigation. Under appellant's theory, if grandparents could petition for visitation rights only if their child litigated the parentage issue, grandparents may pressure their child to formally litigate parentage. Such a theory conflicts with the general rule that "the law favors the settlement of disputed claims without litigation." *Esser v. Brophey,* 212 Minn. 194, 196, 3 N.W.2d 3, 4 (1942) (quotation omitted); *see also Minneapolis Star & Tribune Co. v. Schumacher,* 392 N.W.2d 197, 205 (Minn.1986) ("This court has often stated that it favors the settlement of disputed claims without litigation."); *Hentschel v. Smith,* 278 Minn. 86, 92, 153 N.W.2d 199, 204 (1967) (stating that "[t]his court has always supported a strong public policy favoring the settlement of disputed claims without litigation"). It is unlikely that when it enacted Minn.Stat. § 257C.08, the legislature intended to encourage, rather than discourage, parentage litigation. The statute provides an expedient method to recognize and affirm parentage. Therefore, the district court did not err by concluding that it had subject-matter jurisdiction under section 257C.08, subdivision 2, and denying appellant's motion to vacate.

### DECISION

A ROP, executed under Minn.Stat. § 257.75, has the full force and effect of a judgment from a parentage proceeding.

Thus, a validly executed ROP constitutes a proceeding for parentage for purposes of asserting a claim for grandparent visitation under Minn.Stat. § 257C.08, subd. 2.

**Affirmed.**