**STATE of Minnesota, Respondent,**

**v.**

**Carissa Jean Elizabeth STAHOSKY, Appellant.**

**No. A12–1875.**

Court of Appeals of Minnesota.

Sept. 16, 2013.

Lori Swanson, Attorney General, St. Paul, MN; and John Choi, Ramsey County Attorney, Thomas R. Ragatz, Assistant County Attorney, St. Paul, MN, for respondent.

Paul D. Baertschi, Minneapolis, MN, for appellant.

Considered and decided by HOOTEN, Presiding Judge; CLEARY, Judge; and SMITH, Judge.

## OPINION

HOOTEN, Judge.

Appellant challenges her conviction for aggravated forgery on the basis that she did not act with "intent to defraud" within the meaning of Minn.Stat. § 609.625, subd. 1. Appellant claims that by misidentifying herself and signing her sister's name to a continuance for dismissal agreement and payment plan in order to resolve a speeding ticket, she did not intend to deprive or harm the property rights of another, but merely intended to avoid prosecution for the gross misdemeanor charge of driving with a license cancelled as inimical to public safety. Because one may act with "intent to defraud" by signing an assumed name or the name of another on a legal document that creates, terminates, transfers, or evidences genuine legal rights, and because the statute does not limit this requisite intent to signing a document normally relied upon as evidence of debt or property rights, we affirm.

## FACTS

On October 22, 2011, after a traffic stop in Ramsey County, appellant Carissa Jean Elizabeth Stahosky, whose driver's license had been cancelled as "inimical to public safety" under Minn.Stat. § 171.04, subd. 1(10) (2010), misidentified herself by using the name of her sister. As a result, a speeding citation was issued in the name of appellant's sister rather than appellant. On November 16, 2011, at an administrative hearing at a Ramsey County courthouse, appellant again misidentified herself as her sister, signed a continuance for dismissal and payment agreement with her sister's name, and paid the fine in order to resolve the speeding citation. By doing so,

she avoided the issuance of a speeding citation in her own name and a charge for driving after her license was cancelled as inimical to public safety, a gross misdemeanor under Minn.Stat. § 171.24, subd. 5 (2010).

After appellant's sister informed law enforcement of appellant's actions, appellant was charged with aggravated forgery based on her signing of the continuance for dismissal and payment agreement with the name of her sister in violation of Minn. Stat. § 609.625, subd. 1(1). At trial, appellant waived her right to a jury and the parties stipulated to the facts underlying the charge.

The parties agreed that (1) appellant received a speeding citation on October 22 in Ramsey County; (2) appellant was driving the vehicle that was stopped; (3) appellant misidentified herself as her sister during the investigatory stop; (4) appellant's driver's license had been cancelled prior to October 22; (5) appellant avoided being charged with the gross misdemeanor charge set forth in section 171.24, subdivision 5, by identifying herself as her sister; (6) appellant's sister learned that appellant used her name after receiving the speeding citation, and appellant admitted to her sister that she had done so; (7) appellant met with a hearing officer on November 16 and identified herself as her sister; (8) appellant signed a continuance for dismissal and payment agreement using her sister's name, and, by doing so, avoided receiving a speeding ticket in her own name and also being charged pursuant to section 171.24, subdivision 5; and (9) appellant paid the $241 fee imposed on the speeding citation shortly after the hearing.

Based upon these facts, the district court found appellant guilty of aggravated forgery. Appellant received a stay of imposition of sentence, three years of supervised probation, and 30 days of local jail time. This appeal follows.

## ISSUE

Did appellant have the requisite "intent to defraud" within the meaning of the aggravated forgery statute, Minn.Stat. § 609.625, subd. 1, when she misidentified herself as her sister and signed her sister's name to a continuance for dismissal and payment plan agreement in a criminal matter?

## ANALYSIS

■■■ Statutory interpretation is an issue of law subject to review de novo. *State v. Mauer,* 741 N.W.2d 107, 111 (Minn.2007). "The primary objective for a court's interpretation of statutory language is to ascertain and give effect to the legislature's intent." *Id.* "When the words of a law in their application to an existing situation are clear and free from all ambiguity, the letter of the law shall not be disregarded under the pretext of pursuing the spirit." Minn.Stat. § 645.16 (2010). "[A]mbiguity exists only where a statute's language is subject to more than one reasonable interpretation." *Mauer,* 741 N.W.2d at 111. When legislative intent "is clearly discernible from plain and unambiguous language, statutory construction is neither necessary nor permitted." *State v. Kelbel,* 648 N.W.2d 690, 701 (Minn.2002). "A rule of strict construction applies to penal statutes, and all reasonable doubt concerning legislative intent should be resolved in favor of the defendant." *State v. Colvin,* 645 N.W.2d 449, 452 (Minn.2002).

■■■ Minnesota law defines the crime of aggravated forgery as follows:

Whoever, with intent to defraud, falsely makes or alters a writing or object of any of the following kinds so that it purports to have been made by another or by the maker or alterer under an

assumed or fictitious name, or at another time, or with different provisions, or by authority of one who did not give such authority, is guilty of aggravated forgery and may be sentenced to imprisonment for not more than ten years or to payment of a fine of not more than $20,000, or both:

(1) a writing or object whereby, when genuine, legal rights, privileges, or obligations are created, terminated, transferred, or evidenced, or any writing normally relied upon as evidence of debt or property rights, other than a check as defined in section 609.631 or a financial transaction card as defined in section 609.821[.]

Minn.Stat. § 609.625, subd. 1(1). "[A]n intent to defraud is an essential element of forgery. The gist of the offense of forgery is the intent to defraud. Where there is no intent to defraud, signing another's name without authority does not constitute the crime of forgery." *Strader v. Haley*, 216 Minn. 315, 327, 12 N.W.2d 608, 614 (1943) (citation omitted).

 Appellant argues that she did not act with "intent to defraud" because she only intended to avoid being charged with a gross misdemeanor and no property interests were affected or implicated by her conduct. The phrase "intent to defraud" is not specifically defined, but appellant's argument is inconsistent with the text of the statute, which plainly provides that the crime of aggravated forgery encompasses instances of forgery on writings that create, terminate, transfer, or evidence "genuine, legal rights, privileges, or obligations." Contrary to well established canons of statutory construction, appellant's interpretation of the phrase "intent to defraud" so as to limit its application only to writings evidencing debt or property rights would essentially eviscerate or render superfluous the language in the statute ref-

erencing this broader group of documents creating, terminating, transferring, or evidencing legal rights, privileges, or obligations. *See* Minn.Stat. § 645.16 ("Every law shall be construed, if possible, to give effect to all its provisions."); *Christianson v. Henke*, 812 N.W.2d 190, 192 (Minn.App. 2012) ("A statute should be interpreted, whenever possible, to give effect to all of its provisions; no word, phrase, or sentence should be deemed superfluous, void, or insignificant." (quotations omitted)), *aff'd*, 831 N.W.2d 532 (Minn.2013); *see also State v. Arkell*, 672 N.W.2d 564, 567 (Minn.2003) ("[T]he rule of strict construction does not require this court to so narrowly interpret a statute that the statute or one of its subdivisions are rendered meaningless.").

The state cites several cases from other jurisdictions that support our analysis. In *State v. Bedoni*, the defendant was charged with forgery under a statute requiring an "intent to defraud" for signing a fictitious name on the "promise to appear" portion of a traffic ticket. 161 Ariz. 480, 779 P.2d 355, 357–58 (Ariz.Ct.App.1989). Like appellant's argument here, the defendant argued that signing a false name on a traffic ticket did not satisfy the "intent to defraud" requirement of the forgery statute. *Id.* at 358–59. Rejecting this argument, the Arizona Court of Appeals reasoned as follows:

The false signature changes the effect of the acknowledgement of receipt and promise to appear. Obviously such acknowledgement and promise to appear by a fictitious person is meaningless. It deceives the officer and the court system, not to mention risking trouble for some unknown person named "John Begay." It conceals the true identity of the perpetrator of the alleged crime and seeks to obtain the release, without incarceration, of someone not entitled to

release. In our opinion, all of these acts could be found by a jury to constitute an "intent to defraud."

*Id.* at 359. *Bedoni* concludes that the defendant satisfied the statute even though no property interests were implicated. *Id.* Similarly, in *State v. Wasson*, 125 N.M. 656, 964 P.2d 820, 824 (N.M.Ct.App.1998), a defendant's signing of his brother's name on a traffic ticket was "sufficiently capable of evincing an intent to injure or defraud the arresting officer and the court in which the traffic citations are filed." These cases support our conclusion that the "intent to defraud" element of Minn.Stat. § 609.625, subd. 1, exists even when one signs a document under an assumed name or the name of another and does not implicate money or property interests. It is sufficient that as a result of a forged writing or object, a defendant intends to defraud a police officer or the criminal justice system from pursuing appropriate action necessary to enforce and execute the law.

In the current case, appellant not only signed her sister's name to a speeding citation, but also later signed a "payment agreement" and "continuance for dismissal" in her sister's name. Appellant, by holding herself out as her sister, signed documents which created genuine legal rights by attributing a speeding ticket to her sister, and, at the same time, inhibited the state from charging appellant with a more serious crime, thereby defrauding her sister, the police, and the state. If the forgery had not been discovered, the state would have been deprived of its genuine legal right to prosecute and obtain a conviction against appellant for driving after cancellation, a gross misdemeanor under Minn.Stat. § 171.24, subd. 5. Moreover, because this charge would carry a fine as high as $3,000 pursuant to Minn.Stat. § 609.02, subd. 4 (2010), appellant's signing of the speeding ticket and continuance for dismissal and payment plan also involved a debt or property rights in that the state was deprived of its right to collect a much higher fine from appellant.

## DECISION

A person may be found to have an "intent to defraud" for purposes of Minn.Stat. § 609.625, subd. 1, when no property interests are implicated. It may be sufficient to show that a forged writing or object was intended to defraud a law enforcement officer or other judicial officer in order to avoid criminal prosecution or receive a more lenient disposition. Here, it is undisputed that appellant signed her sister's name to a traffic violation, a continuance for dismissal, and a payment agreement, all in an effort to avoid being charged with driving after cancellation. Under these stipulated facts, the district court correctly ruled that appellant acted with "intent to defraud" as required by Minn.Stat. § 609.625, subd. 1, and did not err by finding appellant guilty of aggravated forgery.

**Affirmed.**